United States District Court
District of Columbia

Andrew Bestor, *pro se*
Plaintiff
v.

No. 1:06-cv-1745 (RMU)

Federal Bureau of Investigation [FBI]
Defendant

## PLAINTIFF'S EXPANDED OR AMENDED OPPOSITION TO DEFENDANT'S SCHEDULING ORDER

May it please the Court,

1. Plaintiff Bestor is not entirely certain where we are in process – he is under the impression we wait for a ruling on a scheduling request [docketed <u>4</u> on 12/08/06 by the defendant] which gives the defendant more time to file their motion to dismiss Bestor's case, following which he will get an order directing him to reply by a date which this Court will fix, including with affidavits or other evidence to support his Complaint.

2. Bestor repeatedly contacted the FBI prior to Senator Allen's office contacting them on his behalf in September 2001, including in:

A. July 1999 from Iowa City,

B. Sept./October 1999 from Chicago [actually a western suburb],

C. December 2000 in Seattle WA., in a lengthy conversation with a female who identified herself as the 'agent of the day' and repeatedly requested Bestor's name and Social Security number,

D. [he thinks] early 2001 about technical issues in construction and contractors which was a memorable conversation, and

E. June/July 2001 in Seattle repeatedly trying to identify and ultimately talk with their

RECEIVED
JAN 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

community liaison who was identified to Bestor early in what became a flurry of phone calls. Bestor was given his name and extension ['Ray Something' is what Bestor remembers] and Bestor did leave messages for him.

3. Bestor is near certain contacts C. and E. were documented by the FBI; in the latter instance Bestor paid for a series of three quarter page advertisements in the *Seattle Stranger*, a weekly newspaper comparable to the *Chicago Reader* or *Washington City Paper*, which were almost certainly remarked on. The publisher of the newspaper who Bestor talked with was Mr. Tim Keck, the ad series cost $3,000 which was significant enough for Bestor to remember, and Bestor certainly put the FBI liaison[Ray]'s telephone number if not his name in at least one if not more of the advertisements. Bestor subsequently tried to get copies of the advertisement but was unable to, and interaction with Mr. Keck may additionally be reflected in FBI documentation.

4. Paragraphs 2 and 3 are the times Bestor certainly directly contacted the FBI and engaged in conversation; he additionally believes it is very likely the FBI has documentation they should provide Bestor relating to:

A. his flight from Tokyo to Honolulu, LA., Denver, Seattle in March/April 1996,

B. his trip to Canada April 15 1996 and relocation to New Mexico in April/May 1996,

C. relocation to Kent WA. in November 1996 [as well as possibly about a trip to Seattle approx. Aug 1996],

D. relocation to West Seattle June/July 1998,

E. and a departure from Seattle April/May 1999,

no matter who originated the documentation, given Bestor's previous interaction with corrupt elements in the international construction industry.

2

5. The FBI may also have documentation relating to Bestor's employment at Boeing which they should be made to provide him; really the possibilities are endless and the *Vaughn* index is required as a first step in parsing the files.

6. Based on his experiences and situational awareness, Bestor claims the government is undertaking invidious activity - *Bestor v. CIA* 1:04-cv-02049 RWR opposing the CIA raping girls and executing convicts in extending capital punishment to Connecticut – but without baseline validation of his experiences the Courts refuse to act in reform.

7. Again, Bestor isn't certain where this case is in process. If the defendant is being given the extension to file [which Bestor opposes] and he [Bestor] is to be notified to respond by a given date this Court sets, he can perhaps better formulate legal arguments. There doesn't seem to be any proof requirement in 5 USC 552 for example.

In an abundance of caution, however, fearing the Court may rule on the case and not the motion, Bestor does submit his contacts with the FBI and related movement/employment in paragraphs 2 through 5 now, as compelling reasons this Court should find for him in forcing the FBI to provide a *Vaughn* index of documentation - which should have been provided to Bestor under his FOIA requests - as soon as possible.

Respectfully submitted, *[signature]*

Andrew Bestor, 144th St SE, Washington D.C. 20003

(202) 320-3638

United States District Court
District of Columbia

**I HEREBY CERTIFY** that service of the foregoing

PLAINTIFF'S EXPANDED OR AMENDED OPPOSITION
TO DEFENDANT'S SCHEDULING ORDER

has been made by delivering copies thereof to:

Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St., N.W.
Washington DC 20530
(202) 305-1334

U.S. Attorney General
D.O.J.
950 Pennsylvania Ave NW
Washington DC 20530

And mailing a copy to:

Office of the General Counsel
Federal Bureau of Investigation [FBI]
Washington D.C. 20530

on this 11h day of January 2006. Sworn under penalty of law.

Andrew Bestor
144 11th St. SE, No. 4
Washington D.C. 20003
(202) 320-3638

United States District Court
District of Columbia

Andrew Bestor, *pro se*
       Plaintiff

v.

No. 1:06-cv-1745 (RMU)

Federal Bureau of Investigation [FBI]
       Defendant

---

## ORDERED

This being an action brought under the Freedom Of Information Act (FOIA),

it is hereby ordered the defendant provide an index under *Vaughn v. Rosen*, 484 F.2d 820

(1973) to documents falling under plaintiff's properly litigated Freedom Of Information

Act requests [No. 1029403-000 Appeal 06-0096 and No. 1021054 Appeal 05-2021]

no later than February 15 2006.

SO ORDERED.

                                        Hon. Richardo M. Urbina
                                      United States District Court for the District of Columbia