**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANDREW SCOTT BESTOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 1:06-CV-1745 (RMU)** |
| **FEDERAL BUREAU OF** ) | |
| **INVESTIGATION,**[1] ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant, the Federal Bureau of Investigation (FBI), a

subcomponent of the  United States Department of Justice (DOJ), respectfully moves for

summary judgment.  As grounds for this motion, defendant asserts that there are no genuine

issues of material fact and that it is entitled to judgment as a matter of law.[2]  A memorandum of

---

[1]  The U.S. Department of Justice should be substituted for the FBI as a proper party
defendant in this case.  See 5 U.S.C. § 552(a)(4)(B).

[2]  Plaintiff should take notice that any factual assertions contained in the affidavits and
other attachments in support of defendant's motion will be accepted by the Court as true unless
the plaintiff submits his own affidavits or other documentary evidence contradicting the
assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir.
1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials

points and authorities, a statement of genuine issues of material fact not in dispute, and a

proposed order granting the relief sought are attached hereto.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Bldg.
555 Fourth Street, N.W.,
Civil Division
Washington, D.C.  20530
(202) 305-1334
Attorneys for Defendant

Date: February 6, 2007

_____

of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial.  If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANDREW SCOTT BESTOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 1:06-CV-1745 (RMU)** |
| **FEDERAL BUREAU OF** ) | |
| **INVESTIGATION,**[3] ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7 (h), the defendant hereby submits the following material facts as

to which there is no genuine dispute:

1.      By letter dated May 17, 2005 addressed to FBIHQ, Andrew Scott Bestor

submitted a FOIA/Privacy Act request on behalf of himself for all documents and

files the FBI has on him.  (See Exhibit A.)  Hardy Declaration (Decl.), ¶ 6.

2.      By letter dated May 23, 2005, FBIHQ advised plaintiff that no records pertinent

to plaintiff's FOIA/Privacy Act request number 1021054-000 were located by a

search of the automated indices at FBIHQ.  Plaintiff was also advised of the

procedure to appeal any denial of information to the Department of Justice

("DOJ") Office of Information and Privacy ("OIP").   (See Exhibit B.) Hardy

Decl. ¶ 7.

---

[3]  The U.S. Department of Justice should be substituted for the FBI as a proper party
defendant in this case.  See 5 U.S.C. § 552(a)(4)(B).

3.      By letter dated June 7, 2005, plaintiff appealed FBIHQ's May 23, 2005 "no record" determination to OIP.  (<u>See</u> Exhibit C.)  Hardy Decl. ¶ 8.

4.      By letter dated June 17, 2005, OIP acknowledged receipt of plaintiff's administrative appeal and advised that it had been assigned Appeal Number 05-2021.  (<u>See</u> Exhibit D.)  Hardy Decl. ¶ 9.

5.      By letter dated September 16, 2005, OIP advised plaintiff that after careful consideration of plaintiff's appeal, and as a result of discussions between FBI and OIP personnel,  FBIHQ conducted a further search and located one page of responsive information which was being released to him in full in conjunction with this letter.  Plaintiff was also advised that the FBI's WFO may also have records responsive to his request and that he should submit a new request directly to the WFO.  Plaintiff was advised that he could seek judicial review of OIP's action.   (<u>See</u> Exhibit E.)  Hardy Decl. ¶ 10.

## <u>Washington Field Office</u>

6.      By letter dated October 1, 2005, addressed to the WFO, plaintiff submitted a FOIA/Privacy Act request on behalf of himself for "[a]ll files, reports, meeting minutes, notes, diagrams, raw data, electronic files, or other types of records and systems of files the Washington Field Office of the FBI may have concerning me."  (<u>See</u> Exhibit F.)  Hardy Decl. ¶ 11.

7.      By letter dated October 25, 2005, FBIHQ advised plaintiff that no records responsive to his FOIA/Privacy Act Request Number 1031496-000 were located via a search of the automated indices in the WFO.  Plaintiff was also advised of

the procedure to appeal any denial of information to DOJ's OIP.

(See Exhibit G.)  Hardy Decl. ¶ 12.

8.    OIP has no record of receiving an administrative appeal.  Hardy Decl. ¶ 13.

### Seattle Field Office

9.    By electronic mail dated June 7, 2005, plaintiff submitted a FOIA/Privacy Act

request to the Seattle Field Office (SEFO) on behalf of himself for [a]ll files, data,

notes, electronic files, or other types of records and systems of files the FBI - and

the Seattle Field Office of the FBI - may have concerning me."  (See Exhibit I.)

Hardy Decl. ¶ 15.

10.    By letter dated September 23, 2005, FBIHQ advised plaintiff that no records

responsive to his FOIA/Privacy Act Request Number 1029403-000 were located

via a search of the automated indices in the SEFO.  Plaintiff was advised of the

procedure to appeal any denial of information to DOJ's OIP.   (See Exhibit J.)

Hardy Decl. ¶ 16.

11.    By letter dated September 27, 2005, plaintiff appealed the SEFO's "no record"

determination to OIP.   (See Exhibit K.)  Hardy Decl. ¶ 17.

12.    By letter dated October 14, 2005, OIP acknowledged receipt of plaintiff's

administrative appeal and advised that it had been assigned

Appeal Number 06-0096.[4]  (See Exhibit L.)  Hardy Decl. ¶ 18.

13.    Upon receipt of the Complaint in this litigation, the FBI decided to conduct a

_____

[4] As of February 5, 2007, the FBI has determined through a telephone conversation that
this appeal has not been processed by OIP.

3

second search of the FBIHQ, WFO, and SEFO for main files and cross-references

concerning Andrew Scott Bestor.  As a result of this second search, two pages of

records responsive to plaintiff's request were located in the WFO.  By letter dated

January 29, 2007, FBIHQ released these two pages without redactions to the

plaintiff.   (See Exhibit H.)  Hardy Decl. ¶ 14.


Respectfully submitted,


/s/

_____
JEFFREY A. TAYLOR BAR # 498610
United States Attorney


/s/

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/
_____

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Civil Division
Washington, D.C.  20530
(202) 305-1334

4

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW SCOTT BESTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:06-CV-1745 (RMU) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION,[5] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT FEDERAL BUREAU OF INVESTIGATION

### I.  INTRODUCTION

Through this motion, defendant United States Department of Justice (DOJ) on behalf of its subcomponent, the FBI, hereby requests that the Court enter summary judgment in its favor and dismiss this matter with prejudice.  As set forth below, the FBI has conducted a reasonable search in response to plaintiff's request and has released all materials found as a result of that search.

### II. ARGUMENT

**A.    SUMMARY JUDGMENT STANDARD**

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c);

---

[5]  The U.S. Department of Justice should be substituted for the FBI as a proper party defendant in this case.  See 5 U.S.C. § 552(a)(4)(B).

Alveska Pipeline Serv. Co, v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

Because defendant here has released all non-exempt responsive documents on claims challenged by the plaintiff, his Complaint here should be summarily dismissed.

**B.    THE FBI'S SEARCH WAS ADEQUATE**

**1. The Applicable Legal Standard**

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. Oglesby v. U.S. Dept. of Army, 920 F.2d 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Department of Health and Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). The established reasonableness standard by which FOIA searches are judged "does not require absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the sought materials." Miller, 779 F.2d at 1384-85. Thus, "the issue in a FOIA case is

2

not whether the agencies' searches uncovered responsive documents, but rather whether the searches were reasonable." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996); see also Fitzgibon v. U.S. Secret Service , 747 F. Supp. 51, 54 (D.D.C. 1990); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

An agency demonstrates that it conducted a reasonable search by showing "that it made a good faith effort to conduct a FOIA search for requested records by  using methods that can reasonably be expected to produce the information requested." Western Center For Journalism v. I.R.S., 116 F. Supp.2d 1, 9 (D.D.C. 2000); Oglesby, 920 F.2d at 68.

The search standards established under the FOIA do not require an agency to search every record system, but rather, the agency need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68.  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it Maynard v. C.I.A., 982 F.2d 546, 564 (1st Cir. 1993).

Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).  The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476,

1485 (D.C. Cir. 1984)).

## 2.    FBI Has Met It's Search Obligations

The FBI conducted an adequate search in response to plaintiff's FOIPA request.  The Hardy declaration adequately explains the FBI's records systems and of the administrative processing of FOIPA requests to fully assure the Court of the adequacy of the search conducted with regard to plaintiff's request.  Hardy Declaration (Decl.) ¶¶ 19-25.

### a.    Search Of The Central Records System

The Central Records System ("CRS"), enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities.  Hardy Decl. ¶ 19.  The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes.  Id.  CRS is organized into a numerical sequence of files, called FBI "classifications, " which are broken down according to subject matter.  Id.  The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program).  Id.  Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices.  Id.  While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA and Privacy Act requests.  Id.  The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").  Id.

The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated.  Id., at ¶ 20.  ACS can be described as an internal computerized subsystem of the CRS.  Id.  Because the CRS

cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. Id. More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI. Id. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS. Id.

The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[6] The entries in the General Indices fall into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry --"Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

Id., at ¶ 21.

Searches made in the General Indices to locate records concerning a particular subject, such as Andrew Scott Bestor, are made by searching the subject requested in the index. Id., at ¶ 22. The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

> (a)  Investigative Case Management ("ICM") – ICM provides the ability to open,

assign, and close investigative and administrative cases as well as set, assign, and track leads.

---

[6]  The General Indices are not only automated but also include index cards which allow a manual search for records that pre-dated the implementation of ACS on October 16, 1995.

The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens

a case.  The field offices that receive leads from the OO are referred to as Lead Offices ("LOs").

When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by

all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the

investigation.  Using a fictitious file number "111-HQ-12345" as an example, an explanation of

the UCFN is as follows:  "111" indicates the classification for the specific type of investigation,

"HQ" is the abbreviated form used for the OO of the investigation, which in this case is FBIHQ;

and "12345" denotes the individual case file number for the particular investigation.

 (b)  Electronic Case File ("ECF") – ECF serves as the central electronic

repository for the FBI's official text-based documents.  ECF supports the universal serial concept

in that only the creator of a document serializes it into a file.  This provides a single-source entry

of serials into the computerized ECF system.  All original serials are maintained in the OO case

file.

 (c)  Universal Index ("UNI") – UNI continues the universal concepts of ACS by

providing a complete subject/case index to all investigative and administrative cases.  Only the

OO is required to index; however, the LOs may index additional information as needed.  UNI, an

index of approximately 97.6 million records, functions to index names to cases, and to search

names and cases for use in FBI investigations.  Names of individuals or organizations are

recorded with identifying applicable information such as date or place of birth, race, sex,

locality, Social Security number, address, and/or date of event.

Id., at ¶ 23.

 The decision to index names other than subjects, suspects, and victims is a discretionary

decision made by the FBI Special Agent ("SA") assigned to work on the investigation, the

Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ.

Id., at ¶ 24.   The FBI does not index every name in its files; rather, it indexes only that

information considered to be pertinent, relevant, or essential for future retrieval.  Id.  Without a

"key" (index) to this enormous amount of data, information essential to ongoing investigations

could not be readily retrieved.  Id.  The FBI files would thus be merely archival in nature and

could not be effectively used to serve the mandated mission of the FBI, which is to investigate

violations of federal criminal and national security statutes.  Id.  Therefore, the General Indices

to the CRS files are the means by which the FBI can determine what retrievable information, if

any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Andrew

Scott Bestor.  Id.

### b.    Results of The Search

The FBI has completed the search for records responsive to plaintiff's requests for

documents pertaining to himself at FBIHQ, WFO, and SEFO.  Id., at ¶ 25.  One page was

released to the plaintiff by FBIHQ on September 5, 2005, with no redactions.  (See Exhibit E.)

Id. Upon receipt of the Complaint in this litigation, the FBI decided to conduct a second search

of FBIHQ, WFO, and the SEFO, using the same search terms described above.  Id.  In the

absence of a specific request for a search of "cross-references" at the administrative level, the

FBI's current policy is to search for and identify only "main" files responsive to FOIA requests.

Id.  In this case, plaintiff did not specifically request that a search be conducted for cross-

references.  However, it was determined that the FBI should also search the FBIHQ, WFO, and

SEFO indices of the CRS for cross-references.  Id.  Pursuant to this second search, The WFO

located two pages that consisted of envelopes mailed by the plaintiff to an embassy.  Id.  By letter dated January 29, 2007, FBIHQ released these two pages in full to the plaintiff.   (See Exhibit H.)  Id.

### 3.    Plaintiff Has Failed To Exhaust His Administrative Remedies With Respect To His Request To The Washington Field Office.

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies.  Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158 (7th Cir. 1969).  Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction.  See, e.g., Dettmann, 802 F.2d at 1477; Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986); Brumley v. Dept.of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

By letter dated October 1, 2005, addressed to the WFO, plaintiff submitted a FOIPA request on behalf of himself for "[a]ll files, reports, meeting minutes, notes, diagrams, raw data, electronic files, or other types of records and systems of files the Washington Field Office of the FBI may have concerning me."  FBIHQ advised plaintiff that no records responsive to his FOIPA Request were located via a search of the automated indices in the WFO. Plaintiff was also advised of the procedure to appeal any denial of information to DOJ's OIP. The FBI has confirmed that OIP has no record of receiving an administrative appeal.  Therefore, plaintiff has failed to exhaust the administrative remedies available to him with respect to the WFO prior to filing this Complaint.

### III.  CONCLUSION

Defendant has conducted an adequate search and provided all responsive records

pursuant to plaintiff's FOIA/Privacy Act requests to the FBI.  No information was determined to

be exempt from disclosure; therefore, all responsive records were released in full.   Furthermore,

the FBI has confirmed that OIP has no record of receiving an administrative appeal for plaintiff's

FOIPA request to the WFO.  Therefore, in regards to his WFO request, plaintiff has failed to

exhaust the administrative remedies available to him prior to filing this Complaint. A proposed

order setting forth the relief requested is attached.


Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR BAR # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/
_____
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334


9

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

ANDREW BESTOR
144 11th Street, SE
Apartment 4
Washington, DC 20003
(202) 320-3638
PRO SE


on this ___6th___ day of February, 2007.




_____
Heather Graham-Oliver

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW SCOTT BESTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-CV-01745 |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 203 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to FOIA; Privacy Act; Executive Order 12958, as

amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the three FOIA/Privacy Act requests of plaintiff Andrew Scott Bestor for documents pertaining to himself.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an explanation of the search for records responsive to plaintiff's requests to FBIHQ, the Washington Field Office ("WFO"), and the Seattle Field Office ("SEFO"), which resulted in one page being located by FBIHQ and released in full, two pages being located by the WFO and released in full, and no records being located in the SEFO. Moreover, this declaration is in support of defendant's motion to dismiss plaintiff's complaint, or in the alternative, for summary judgment based on plaintiff's failure to exhaust administrative remedies for his request to the WFO.

## CHRONOLOGY OF PLAINTIFF'S FOIA REQUESTS

(5)     The plaintiff made requests to FBIHQ, the WFO, and the SEFO for records on himself. The chronology of correspondence to FBIHQ and the field offices is as follows:

### a. FBIHQ

(6)     By letter dated May 17, 2005, addressed to FBIHQ, plaintiff submitted a FOIA/Privacy Act request on behalf of himself for "all documents and files the FBI has on me."

2

(<u>See</u> **Exhibit A.**)

(7)     By letter dated May 23, 2005, FBIHQ advised plaintiff that no records responsive to his FOIA/Privacy Act Request Number 1021054-000 were located via a search of the automated indices at FBIHQ.  Plaintiff was also advised of the procedure to appeal any denial of information to the U.S. Department of Justice ("DOJ"), Office of Information and Privacy ("OIP").  (<u>See</u> **Exhibit B.**)

(8)     By letter dated June 7, 2005, plaintiff appealed FBIHQ's May 23, 2005 "no record" determination to OIP.  (<u>See</u> **Exhibit C.**)

(9)     By letter dated June 17, 2005, OIP acknowledged receipt of plaintiff's administrative appeal and advised that it had been assigned Appeal Number 05-2021. (<u>See</u> **Exhibit D.**)

(10)     By letter dated September 6, 2005, OIP advised plaintiff that after careful consideration of plaintiff's appeal, and as a result of discussions between FBI and OIP personnel, FBIHQ conducted a further search and located one page of responsive information which was being released to him in full in conjunction with this letter.  Plaintiff was also advised that the FBI's WFO may also have records responsive to his request and that he should submit a new request directly to the WFO.  Plaintiff was advised that he could seek judicial review of OIP's action.  (<u>See</u> **Exhibit E.**)

**b.  <u>Washington Field Office</u>**

(11)     By letter dated October 1, 2005, addressed to the WFO, plaintiff submitted a FOIA/Privacy Act request on behalf of himself for the following records: "All files, reports, meeting minutes, notes, diagrams, raw data, electronic files, or other types of records and systems

3

of files **the Washington Field Office of the FBI** may have concerning me." (emphasis in original) (**See Exhibit F.**)

(12)    By letter dated October 25, 2005, FBIHQ advised plaintiff that no records responsive to his FOIA/Privacy Act Request Number 1031496-000 were located via a search of the automated indices in the WFO. Plaintiff was also advised of the procedure to appeal any denial of information to DOJ's OIP. (**See Exhibit G.**)

(13 )    The FBI has confirmed that OIP has no record of receiving an administrative appeal. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing this Complaint.

(14)    Upon receipt of the Complaint in this litigation, the FBI decided to conduct a second search of the FBIHQ, WFO, and SEFO for main files and cross-references concerning Andrew Scott Bestor. As a result of this second search, two pages of records responsive to plaintiff's request were located in the WFO. By letter dated January 29, 2007, FBIHQ released these two pages without redactions to the plaintiff. (**See Exhibit H.**)

c. **Seattle Field Office**

(15)    By electronic mail dated June 7, 2005, plaintiff submitted a FOIA/Privacy Act request to the SEFO on behalf of himself for the following records: "All files, data, notes, electronic files, or other types of records and systems of files the FBI - and the Seattle Field Office of the FBI - may have concerning me." (**See Exhibit I.**)

(16)    By letter dated September 23, 2005, FBIHQ advised plaintiff that no records responsive to his FOIA/Privacy Act Request Number 1029403-000 were located via a search of the automated indices in the SEFO. Plaintiff was advised of the procedure to appeal any denial

4

of information to DOJ's OIP.  (See **Exhibit J.**)

(17)     By letter dated September 27, 2005, plaintiff appealed the SEFO's "no record"

determination to OIP.  (See **Exhibit K.**)

(18)     By letter dated October 14, 2005, OIP acknowledged receipt of plaintiff's

administrative appeal and advised that it had been assigned Appeal Number 06-0096.[1]

(See **Exhibit L.**)

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(19)     The Central Records System ("CRS"), enables the FBI to maintain all information

which it has acquired in the course of fulfilling its mandated law enforcement responsibilities.

The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and

other files compiled for law enforcement purposes.  CRS is organized into a numerical sequence

of files, called FBI "classifications, " which are broken down according to subject matter.  The

subject matter of a file may correspond to an individual, organization, company, publication,

activity, or foreign intelligence matter (or program).  Certain records in the CRS are maintained

at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in

those field offices.  While the CRS is primarily designed to serve as an investigative tool, the FBI

searches the CRS for documents that are potentially responsive to FOIA and Privacy Act

requests.  The mechanism that the FBI uses to search the CRS is the Automated Case Support

System ("ACS").

(20)     The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and

---

[1] As of February 5, 2007, the FBI has determined through a telephone conversation that this appeal has not been handled by OIP.

FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More than105 million records from the CRS were converted from automated systems previously utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(21)     The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[2] The entries in the General Indices fall into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.
>
> (b) A "reference" entry --"Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

(22)     Searches made in the General Indices to locate records concerning a particular subject, such as Andrew Scott Bestor, are made by searching the subject requested in the index.

(23)      The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

> (a)  Investigative Case Management ("ICM") – ICM provides the ability to open,

---

[2] The General Indices are not only automated but also include index cards which allow a manual search for records that pre-dated the implementation of ACS on October 16, 1995.

assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("Los"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using a fictitious file number "111-HQ-12345" as an example, an explanation of the UCFN is as follows: "111" indicates the classification for the specific type of investigation, "HQ" is the abbreviated form used for the OO of the investigation, which in this case is FBIHQ; and "12345" denotes the individual case file number for the particular investigation.

(b)    Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c)    Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 97.6 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(24)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work on the

investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and

the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that

information considered to be pertinent, relevant, or essential for future retrieval. Without a "key"

(index) to this enormous amount of data, information essential to ongoing investigations could

not be readily retrieved. The FBI files would thus be merely archival in nature and could not be

effectively used to serve the mandated mission of the FBI, which is to investigate violations of

federal criminal and national security statutes. Therefore, the General Indices to the CRS files

are the means by which the FBI can determine what retrievable information, if any, the FBI may

have in its CRS files on a particular subject matter or individual, i.e., Andrew Scott Bestor.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUESTS

(25)    The FBI has completed the search for records responsive to plaintiff's requests for

documents pertaining to himself at FBIHQ, WFO, and SEFO. One page was released to the

plaintiff by FBIHQ on September 5, 2005, with no redactions. **(See Exhibit E.)** Moreover, upon

receipt of the Complaint in this litigation, the FBI decided to conduct a second search of FBIHQ,

WFO, and the SEFO, using the same search term described above. In the absence of a specific

request for a search of "cross-references" at the administrative level, the FBI's current policy is to

search for and identify only "main" files responsive to FOIA requests. In this case, plaintiff did

not specifically request that a search be conducted for cross-references. It was determined that

the FBI should also search the FBIHQ, WFO, and SEFO indices of the CRS for cross-references.

Pursuant to this second search, the WFO located two pages that consisted of envelopes mailed by

the plaintiff to an embassy. By letter dated January 29, 2007, FBIHQ released these two pages in

full to the plaintiff. **(See Exhibit H.)**

## CONCLUSION

(26)     Plaintiff has been provided all responsive records pursuant to his FOIA/Privacy

Act requests to the FBI.  No information was determined to be exempt from disclosure; therefore,

all responsive records were released in full.  Furthermore, the FBI has confirmed that OIP has no

record of receiving an administrative appeal for plaintiff's FOIA/Privacy Act request to the WFO.

Therefore, in regards to his WFO request, plaintiff has failed to exhaust the administrative

remedies available to him prior to filing this Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through L attached hereto are true and correct copies.

Executed this ___10th___ day of February, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
  Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                          )
                                             )
              Plaintiff,                      )
                                             )
                                             )  Civil Action No. 1:06CV01745
       v.                                    )
                                             )
FEDERAL BUREAU OF INVESTIGATION,             )
                                             )
              Defendant.                     )
                                             )

# EXHIBIT A



U.S. Department of Justice

BY FAX: 202·324-3752

Federal Bureau of Investigation

Washington, D.C. 20535

SIR: I WOULD LIKE TO OBTAIN COPIES OF ALL DOCUMENTS AND FILES THE FBI HAS ON ME [ACTING UNDER PRIVACY ACT AND FREEDOM OF INFORMATION ACT].

S/R

## Privacy Waiver and Certification of Identity

Full Name: _____ANDREW SCOTT BESTOR_____

Aliases used: NONE

Current Address: _____144 11ᵀᴴ St. SE, NO. 4_____
_____WASHINGTON D.C. 20003_____

Date of Birth: APR. 29 1963    Place of Birth: HARTFORD C.T.

Social Security Number (optional): ___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___

(Optional: Prior addresses, employments, etc., which may assist the FBI in locating the requested information)
_____4136 C.W. HOLDEN ST. SEATTLE WA._____
_____1350 BEVERLY ROAD, MCLEAN VA._____

~~I hereby waive my right to privacy, and I authorize the FBI to release any and all information relating to me and~~

PLEASE MAIL TO ME
[ANDREW BESTOR]    ~~(Name, address & phone of attorney or other designee)~~
AT ABOVE ADDRESS,
OR I AM WILLING T'
COME TO THE FBI READING
ROOM IN WASHINGTON DC.

I AM WILLING TO PAY UP TO $100.⁰⁰ FOR THE INITIAL COPYING IF FEES ARE ASSESSED; PERHAPS ULTIMATELY MORE DEPENDING ON THE VOLUME OF MATERIAL.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature: _____    Date: __MAY 17 2005__

THANK YOU.

PERHAPS A VAUGHN INDEX WOULD BE A GOOD STARTING POINT.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW SCOTT BESTOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 1:06CV01745 |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*May 23, 2005*

MR ANDREW SCOTT BESTOR
NUMBER 4
144 11TH STREET, SOUTHEAST
WASHINGTON, DC 20003

Request No.: 1021054- 000
Subject: BESTOR, ANDREW SCOTT

Dear Mr. Bestor:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Based on the information furnished, a search of the automated indices to the central records system files at FBI Headquarters located no records responsive to your FOIPA request to indicate you have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January 1, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Should you desire a check of our field office files, it will be necessary for you to direct your request to the appropriate field office.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                    )
                                       )
            Plaintiff,                 )
                                       )
                                       ) Civil Action No. 1:06CV01745
      v.                               )
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
                                       )
            Defendant.                 )
                                       )

# EXHIBIT C

**INFORMATION APPEAL**

June 7, 2005

Co-Director, Office of Information and Privacy
U. S. Department of Justice
Suite 570, Flag Building
Washington D.C. 20530

Request No. 1021054-000

Dear Sir,

I would like to appeal the May 23 2005 response to my Freedom Of Information Act and Privacy Act requests for information from the FBI.

In their initial reply, the FBI noted they 'located no records' responsive to my request, but in 1999 I filed a FOIA request through the offices of Chuck Grassley in Cedar Rapids Iowa, and in September of 2001 I similarly made a request through the offices of George Allen, receiving at that time a detailed letter Arthur Radford Baker who was then the FBI liaison to the United States Senate wrote Senator Allen.

More generally, in 1999 and 2000 I telephoned several of the FBI field offices, and am surprised to find none of that documented. I certainly gave my name and I think my social security number when I called – regrettably the agents did not give me their names.

I appreciate the opportunity to appeal, and am hopeful the FBI will produce information, files, data or entries in response to this request/appeal.

Yours,

Andrew Scott Bestor, 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, born April 29 1963 in Hartford Connecticut

Current address:
144 11th St. SE, No. 4
Washington D.C. 20003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR          )
                             )
          Plaintiff,         )
                             )
                             ) Civil Action No. 1:06CV01745
     v.                      )
                             )
FEDERAL BUREAU OF INVESTIGATION,  )
                             )
          Defendant.         )
                             )

# EXHIBIT D



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    *Washington, D.C. 20530*

**JUN 1 7 2005**

Mr. Andrew S. Bestor
144 11th Street SE, No. 4
Washington, DC 20003

      Re:  Request No. 1021054-000

Dear Mr. Bestor:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on June 13, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2021**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                          )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )  Civil Action No. 1:06CV01745
                                             )
FEDERAL BUREAU OF INVESTIGATION,             )
                                             )
                Defendant.                   )
                                             )

# EXHIBIT E



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

SEP 0 5 2005

Mr. Andrew S. Bestor                Re:  Appeal No. 05-2021
144 11th Street SE., No. 4               Request No. 1021054
Washington, DC  20003                    RLH:ADW:JTR

Dear Mr. Bestor:

      You appealed from the action of the Headquarters Office of the
Federal Bureau of Investigation on your request for access to records
concerning you.

      After carefully considering your appeal, ~~and as~~ a result of
discussions between FBI personnel and a member of my staff, the FBI
conducted a further search and located one page of responsive
information.  I have decided to release this one page to you in full,
a copy of which is enclosed.  With the release of this one page, the
Headquarters Office of the FBI has provided you with all records that
it could locate in its files responsive to your request.

      Additionally, FBI personnel have advised a member of my staff
that the Washington Field Office may have records responsive to your
request.  If you have not done so already, I can only suggest that
you submit a new request directly to the Washington Field Office.
See 28 C.F.R. §§ 16.3(a) and 16.41(a) (2004) (requests for records
held by FBI field offices must be submitted to the field offices
directly).  I will consider appeals from each response individually.
The address for the Washington Field Office is:

                  Federal Bureau of Investigation
                  Washington Metropolitan Field Office
                  601 4th Street NW.
                  Washington, DC  20535-0002

      If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,



                              Richard L. Huff
                              Co-Director

Enclosure

October 26, 2001

Honorable George Allen
United States Senator
507 East Franklin Street
Richmond, VA 23219

Dear Senator Allen:

I am writing in response to your September 27th communication on behalf of Mr. Andrew S. Bestor. Mr. Bestor alleges, among other things, that he is being harassed by the "nation of Japan."

In order for the FBI to initiate an investigation of any complaint we receive, specific facts must be set forth to indicate that a violation of federal law within our investigative jurisdiction has occurred. As much as we would like to be of assistance to Mr. Bestor, Japanese sovereignty issues prevent us from intervening in that country's internal affairs. I want to assure him that the FBI is not involved in activities of the kind that he mentioned. Should Mr. Bestor have any evidence that representatives of Japan's construction industry or other groups are engaging in criminal activities in the United States that he believes are in violation of any of the federal laws falling within the investigative jurisdiction of the FBI, I encourage him to provide details of such activities to our Washington Field Office, 601 Fourth Street, Northwest, Washington, D.C. 20535-0002, telephone number 202-278-2000.

I hope this information will be helpful to you in responding to Mr. Bestor. Your enclosures are being returned as requested.

Sincerely yours,

Arthur Radford Baker
Unit Chief
Office of Public and
  Congressional Affairs

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR    )
            )
   Plaintiff,      )
            ) Civil Action No. 1:06CV01745
   v.         )
            )
FEDERAL BUREAU OF INVESTIGATION, )
            )
   Defendant.     )
            )

# EXHIBIT F

**FOIA REQUEST**

**Resubmitted October 1 2005**

Michael A. Mason
Assistant Director in Charge
FBI Washington
Washington Metropolitan Field Office
601 4th St. NW.
Washington D.C. 20535-0002

Subject: Freedom of Information Act and Privacy Act Request

Dear Sir,

Under the Freedom Of Information Act and Privacy Act I would like copies of all files, reports, meeting minutes, notes, diagrams, raw data, electronic files, or other types of records and systems of files **the Washington Field Office of the FBI** may have concerning me. In making an earlier request to FBI Headquarters I was informed that I needed to contact individual field offices directly.

My full name is Andrew Scott Bestor, SS No. 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, and I was born on April 29, 1963 in Hartford Connecticut.

My current residence is 144 11th St SE, No. 4, Washington D.C. 20003.

I will pay for copies of Xeroxing - I think the suggested initial amount was $25.00 but potentially much more than that.

I swear under penalty of law the information I request is about me.

Sincerely yours,

Andrew Bestor
144 11th St SE, No. 4, Washington D.C. 20003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW SCOTT BESTOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 1:06CV01745 |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# EXHIBIT G



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*October 25, 2005*

MR ANDREW SCOTT BESTOR
APARTMENT 4
144 11TH STREET, SOUTHEAST
WASHINGTON, DC 20003

Request No.: 1031496- 000
Subject: BESTOR, ANDREW SCOTT

Dear Mr. Bestor:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above. Your request was forwarded to FBI Headquarters from our Washington Field Office.

Based on the information furnished, a search of the automated indices to our central records system files located no records in our Washington Field Office responsive to your FOIPA request to indicate you have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January I, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                    )
                                       )
              Plaintiff,               )
                                       )
                                       )  Civil Action No. 1:06CV01745
          v.                           )
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
                                       )
              Defendant.               )
                                       )

# EXHIBIT H



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

January 29, 2007

Andrew Scott Bestor
144 11th Street, Southeast
Apartment #4
Washington, D.C. 20003

SUBJECT: FOI/PA Request of Andrew Scott Bestor
         FBI FOI/PA #1031496-000
         Civil Action #06-1745

Dear Mr. Bestor:

        We are writing in regard to the subject request made by
you. We have found two pages of records responsive to your
request. The two pages are being released in full.  There are no
further records responsive to your request.


                            Sincerely Yours,

                            David M. Hardy
                            Section Chief
                            Record/Information
                            Dissemination Section
                            Records Management Division


Enclosure (1)

Case 1:06-cv-01745-GK Document 18-5 Filed 12/06/2007 Page 44 of 55

Saturday

6

APR. 2002

Andre Kessler
1119 VER SANE A 108
Washington, DC 20007

For V. Ushakov
Ambassador of the Russian Federation to the US.
Embassy of the Russian Federation
2650 Wisconsin Ave., NW
Washington, D.C. 20007

200074600

16



**Friday**

**18**

JULY 2003

Mr. Andrew Bestor
1419 37th St. NW #126
Washington, DC. 20007

EMBASSY OF THE RUSSIAN FEDERATION
2650 WISCONSIN AVE, NW
WASHINGTON D.C. 20007
ATTN: H.E. YURI USHAKOV OR SENIOR CONSUL

UNITED STATES
POSTAL SERVICE

0000

AMOUNT
$0.60

U.S. POSTAGE
WASHINGTON, DC. 03
2003 JUL 20
WASHINGTON, DC.
20007
0001722820-20

(22)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW SCOTT BESTOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:06CV01745 |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# EXHIBIT I

**BISE**

om:        "Knudson, Phil" <Phil Knudson@ic.fbi.gov>
):          <fbise@leo.gov>
 int:        Sunday, June 19, 2005 5:38 PM
ibject:     FW: FOIA REQUEST [Attn. Laura M. Laughlin or designated agent]

m: Andrew Bestor [mailto:bestorandrew@hotmail.com]
t: Tue 6/7/2005 12:08 PM
Knudson, Phil
bestorandrew@hotmail.com
ject: FOIA REQUEST [Attn. Laura M. Laughlin or designated agent]

A REQUEST

e 7, 2005

Seattle
ra M. Laughlin
cial Agent in Charge
0 Third Avenue
ttle, Washington 98101-2904
tle@fbi.gov
5) 622-0460

ject: Freedom of Information Act and Privacy Act Request

r Sir,

ier the Freedom Of Information Act and Privacy Act I would like copies of
iles, data, notes, electronic files, or other types of records and
ems of files the FBI - and the Seattle Field Office of the FBI - may
e concerning me. In making an earlier request to FBI Headquarters I was
rmed that I needed to contact individual field offices directly.

full name is Andrew Scott Bestor, SS No. 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, and I was born on
il 29, 1963 in Hartford Connecticut.

eviously lived at 4136 SW Holden St. in Seattle, and I contacted the
ttle office of the FBI in December 2000, giving my name and social
irity number to 'the agent of the day' or duty agent at that time. She
not give me her name, but it evidently was an agent beyond a

receptionist. I also left messages on an agent's voice mail in June/July 2001 - I think his first name was Ray.

My current residence is 144 11th St SE, No. 4, Washington D.C. 20003.

I will pay for copies of Xeroxing [I think the suggested initial amount was $25.00 but potentially much more than that], and appreciate your efforts at providing all information you have about me.

I swear under penalty of law the information I request is about me.

Sincerely yours,

Andrew Bestor
144 11th St SE, No. 4, Washington D.C. 20003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                    )
                                       )
            Plaintiff,                 )
                                       )
                                       )  Civil Action No. 1:06CV01745
      v.                               )
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
                                       )
            Defendant.                 )
                                       )

# EXHIBIT J



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*September 23, 2005*

MR ANDREW SCOTT BESTOR
APARTMENT 4
144 11TH STREET, SOUTHEAST
WASHINGTON, DC 20003

Request No.: 1029403- 000
Subject: BESTOR, ANDREW SCOTT

Dear Mr. Bestor:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above. Your request was forwarded to FBI Headquarters from our Seattle Field Office.

A search of the automated indices to our central records system files located no records in our Seattle Field Office responsive to your FOIPA request.

Although no records responsive to your FOIPA request were located, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                    )
                                       )
            Plaintiff,                 )
                                       )
                                       ) Civil Action No. 1:06CV01745
        v.                             )
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
                                       )
            Defendant.                 )
                                       )

# EXHIBIT K

September 27, 2005

Co-Director
Office of Information and Privacy
U.S. Department of Justice
Suite 570, Flag Building
Washington, D.C. 20530

FOIPA Request Number 1029403-000

Dear Sir,

I would like to appeal the negative finding to my request for information under the
Freedom of Information and Privacy Act, specific to the FBI Seattle Field Office of the
FBI or other office, department, or agency they may have contacted about me or
given/received information about me to or from.

I worked in Japan 1992-1996, and in December 2000 I contacted the Seattle Field Office
on a weekday, providing them – first apparently a receptionist and then a female 'duty
agent' my name and then to the agent my social security number; we spoke in detail for
at least five and maybe as long as ten to twelve minutes, and she kept pausing the
conversation apparently to check a computer system to see who I was.

I worked at Boeing November 1996 through March 1999 and I'm hopeful Boeing
interacted with the FBI relative to my employment and Japanese or Asian surveillance
and threat mechanisms at Boeing.

In July-August 2001 I paid $3000 to run a series of advertisements in a Seattle newspaper
[The Stranger, David Keck editor] about Japanese threat mechanisms in the United States
and Seattle specifically, and now believe whatever counterespionage force exists in
Seattle must have seen or been aware of the advertisements and very likely spoke with
Mr. Keck.

I am a critic of the FBI now living in Washington D.C., and any information about me
which the FBI has will be brought to the attention of Congress and used to instigate
government reform.

Sincerely yours,

Andrew Bestor
144 11th St. SE, No. 4
Washington D.C. 20003
(202) 320-3638

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW SCOTT BESTOR                         )
                                            )
                                            )
            Plaintiff,                      )
                                            )  Civil Action No. 1:06CV01745
      v.                                    )
                                            )
FEDERAL BUREAU OF INVESTIGATION,            )
                                            )
            Defendant.                      )
                                            )

# EXHIBIT L



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                          _Washington, D.C. 20530_

OCT 1 4 2005


Mr. Andrew Bestor
144 11th Street SE., No. 4
Washington, DC 20003

     Re:  Request No. 1029403-000

Dear Mr. Bestor:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on October 6, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0096**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANDREW BESTOR** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.  06-1745 (RMU)** |
| **V.** | ) | |
| | ) | **ECF** |
| **DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion for Summary Judgment and the entire

record herein, it is this ____ day of _____, 2007, hereby

ORDERED, that Defendant's motion is GRANTED.


_____
**UNITED STATES DISTRICT JUDGE**