United States District Court
District of Columbia

Andrew Bestor, *pro se*
    Plaintiff
v.                                                         No. 1:06-cv-1745 (RMU)

Federal Bureau of Investigation [FBI]
    Defendant

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

May it please the Court,

**1.** Bestor has filed suit under the Freedom of Information Act 5 U.S.C. 552 "and all related entitlements" [Complaint page 1] seeking to obtain all information the Federal Bureau of Investigation [FBI] 'has on me,' which the defendant acknowledges in their Motion For Summary Dismissal, Statement of Material Facts at pages 1, 3, and 7; and in the Hardy Declaration at page 2 / Exhibit A [FBI Headquarters] and page 4 / Exhibit I [Seattle Field Office].

**2.** The crux of the matter is the FBI attempting to evade the judicial protections guaranteed Bestor in Title 5 of the United States Codes and in previous opinions from the District of Columbia Circuit, claiming he must accept and be satisfied with the "non-exempt responsive" documents they have provided him though that is by no means all the documentation by him, about him, and from him which they have in their possession. Bestor attaches affidavits detailing telephone conversations he had with FBI agents [in one instance a series of phone messages], a series of advertisements he ran in Seattle media discussing the FBI, and one media release he mailed to the director of the FBI and hand delivered to media outlets – though he believes there were more than one, claiming the FBI now unjustifiably withholds documentation and evidence which he is entitled to.

RECEIVED
FEB 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

United States District Court
District of Columbia

**3.** Bestor does not – indeed he cannot – challenge the 'reasonableness of their search' or 'the totality of it' <u>at this time</u> but instead claims both the conversation in Seattle and documentation the FBI did furnish him suggests he is indexed in the FBI's Central Records System detailed on pages 4 thru 6 of defendant's Statement of Material Facts, perhaps as **62C-HQ-1077229** [bottom of letter from Arthur Radford Baker attached to his Complaint as "Evidence 3"].

The FBI has not shown Bestor 'all they have' by any means or remotely enough to be of assistance, noting that "[i]f a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondiscloseable portions," *Oglesby v. United States Department of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996)(citing 5 U.S.C. 552 (b)) at least pertaining to documents/data the FBI is known to have, such as what he sent them or otherwise brought to their attention in a series of phone calls to the Seattle Field Office.

Bestor is hopeful this Court will note that on his initial request for information [defendant's "Exhibit A"] Bestor wrote that he was "willing to come to the FBI reading room in Washington D.C." They have a great deal of data.

**4.** Bestor has alleged government security agencies – certainly including the Central Intelligence Agency [CIA]– act well beyond the boundaries of 50 U.S.C. Sec 401 et seq. and evade legislative oversight.

**A.** *Bestor v. CIA* 1:04-cv-02049-RWR focused on what Bestor calls the CIA 'capital punishment advocacy' and 'lethal injection death' process extending the death penalty

into New England through corruption and orchestration included in appeals 04-5438 *In re Ross*, 05-5006 *Bestor v. CIA*, and 05-5056 *In re Bestor* all denied; the case was never docketed for certiorari but convict Michael Bruce Ross was executed as the booklets [petition] were being returned to Bestor by mail from the Supreme Court for a trivial correction [it was pretty damn casual; do not believe all you hear about there being 'a high standard of law' in review of executions].

**B.** *Member of the Grand Jury v. United States Attorney bringing Indictment* Misc. Case 06-383 [filed under seal in the District Court for the District of Columbia] was Bestor's effort claiming the CIA was directly involved in 'more than one' of the murder cases the Superior Court grand jury Bestor sat on was hearing. The Superior Court judge made Bestor 'withdraw' the case and then threw him off the grand jury anyway but Bestor did try – and did not get his filing fee back.

**4.1** Those cases were in addition to the numerous Congressional and media mailings, deliveries, emails, and circulars Bestor has distributed [and distributes – ongoing] trying to raise awareness and instigate reform. Regrettably – for those who do not think the CIA should be orchestrating extension of the death penalty in the United States or undertaking murder in the District of Columbia - Bestor is routinely dismissed out of hand as he lacks validation to be taken seriously as a critic. He now seeks to obtain documentation reflecting his situational awareness including from the FBI, and claims they have at least some supporting documentation reflected in his contacts with them on prior occasions though of course he would like more than just what he knows they have.

**4.2** As far as Bestor can figure out there is no 'utilization' issue as such written in to Title 5 ['a critic seeking reform' having access to validating data 'a filmmaker portraying

the activity' might not], but in their Memorandum of Points and Authorities the defendant cited to *Miller v. United States Dept of State* 779 F.2d (8th Cir. 1985) and that opinion did seem to reward individual effort as opposed to commercial endeavor at 1390 [noting lack of "commercial benefit to the claimant"]. Alternately, he claims demonstration without litigation is bark without bite – in *Ross* he 'threw himself across the tracks" in delaying an execution, and appropriately fortified its entirely possible he would try that again.

## POINTS AND AUTHORITIES

.....When an agency withholds information, it must demonstrate that the information is exempt from disclosure. 5 U.S.C. 552(a)(4)(B). Accordingly, the agency submits an index to the court which must adequately describe the withheld information and explain the relevancy of each exemption. *Founding Church of Scientology v. Bell*, 603 F.2d 945, 946 (D.C. Cir. 1979); *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). Further, "[i]f a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions." *Oglesby v. United States Dep't of the Army*, 79 F.3d 1172, 1176 (D.C.Cir. 1996)(citing % U.S.C. 552(b)). To ensure that all reasonably segregable information has been disclosed to the requester, the district court is required to enter a finding on segregability. *TransPacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C.Cir. 1999). **Even if the issue of segregability has not been raised by the plaintiff, the district court has "an affirmative duty to consider the segregability issue sua sponte."** *Id.* [Bestor emphasis].

FOIA litigation is typically adjudicated through summary judgment. Summary judgment

is appropriate when the pleadings, together with any affidavits, "show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Alyeska Pipeline Serv. Co. v. U.S. EPA*, 856 F.2d 309, 313 (D.C.Cir. 1988).

In FOIA litigation, the standard of review in the district court is *de novo*, and **the agency bears the burden of justifying the withholdings**. 5 U.S.C. 552(a)(4)(B); *Department of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). To meet its burden of proof, the agency may submit affidavits from their officials. *Hayden v. NSA*, 608 F.2d 1381, 1386 (1979). The affidavits "must show, **with reasonable specificity, why the documents fall within the exemption.**" *Id.* at 1387. Once a court determines that the affidavits are sufficient, no further inquiry into their veracity is required [Bestor emphasis]. From *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp.2d 19, 25 (D.D.C. 2000).

"The agency bears the burden of justifying the withholdings" on an individual basis – that should suffice to survive the defendant's motion to dismiss.

Bestor asks this Court to note that in 5 years of extensive litigation in the District of Columbia, from complaint[s] to petition[s] for certiorari, no court has ever found these matters to be remotely secret or privileged. Indeed, *Bestor v. Lieberman* 03-cv-01470, appeal[s] 03-5295 denied and 05-5191 denied, petitions for cert. 03-1657 denied and

06-69 denied, detailed much more potentially 'sensitive' information than we discuss in this case which has included media publication by Bestor. While there is no suggestion of it in their filings, it is nonetheless possible the defendants have or will illicitly raise some classification issue in trying to justify dismissal of Bestor's complaint without production of an index as required under *Vaughn v. Rosen* 484 F.2d 820 (D.D.C. 1973).

Bestor would in turn cite to *In re U.S.*, 872 F.2d at 478 (D.D. Cir. 1989) which is an earlier case involving the FBI and material similar to what is at stake here though in that case a significant amount of material had already been turned over and here almost nothing has.

...The Government contends that the district court's refusal to dismiss [Albertson's] case on the basis of the state secrets privilege presents **an exceptional circumstance** justifying mandamus. According to the petitioner, the district **court did not** merely deny the motion to dismiss but denied the claim of privilege itself. Petitioner's supplemental memorandum at 5. Thus, petitioner concludes, continuation of plaintiff's action will inevitably result in disclosure of information that will compromise current foreign intelligence and counterintelligence activities, will reveal confidential sources and methods, and will damage sensitive diplomatic relations with other nations. *Id* at 11.

We believe, however, that the Government overstates its case. The district court did not reject the Government's assertion of privilege; on the contrary, in stating its reasons for denying the motion to dismiss, the court demonstrated a perceptive understanding of and wholesome respect for the state secrets privilege. First, the court noted that plaintiff's claim did not present a case where " 'the very subject matter of [the] litigation is itself a state secret.' " District Court's memorandum at 4 (citations omitted). [Bestor citing to all

his previous litigation]. Rather, it stated that this was a suit challenging the Government's conduct with respect to prolonged investigation of Albertson's personal and political affairs and in using the "snitch jacket" technique to have Mr. Albertson expelled from the Communist Party. *Id.*

Next, the court expressed its unwillingness at this early stage to determine the general relevancy of information alluded to by the Government in its assertion of the state secrets privilege, even after examining the Geer affidavit in camera. "Relevancy," it states, "like privilege, is an evidentiary matter to be raised on an item-by-item basis as the parties' theories develop and the litigation evolves." District Court's memorandum at 5. The court also relied on its own experience with litigation involving highly sensitive government information and its confidence that the Government's security concerns could be accommodated. *Id.* Thus, it decided that broad application of the privilege to all of petitioner's information, before the relevancy of that information has even been determined, was inappropriate at this early stage of the proceedings. The court decided that with evidentiary control the litigation could proceed without jeopardizing national security.

We agree with the district court that several factors justify its conclusion that an item-by-item determination of privilege will amply accommodate the Government's concerns. First, the information remains in the Government's custody, and the parties' discovery stipulation [absent here insofar as the Government has never requested it] has preserved the Government's right to assert the privilege and to support its assertions by submissions of representative samples of documents for *in camera* review. Second, the parties have provided for the protection of third party privacy by agreeing to mechanisms limiting the

7

disclosure of certain documents, including redaction of names. Thirdly, the case will be tried to the bench, a circumstance that will reduce the threat of unauthorized disclosure of confidential material. [Bestor already waived his right to a jury trial]. *See* district Court's memorandum at 5. *In re U.S.* 872 F.2d at 478 (D.C. Cir. 1989).

Mere compliance with the formal requirements [of the state secrets privilege], however, is not enough. "To some degree at least, the validity of the government's assertion must be judicially assessed." *Molerio v. Federal Bureau of Investigation*, 749 F.2d 815, 822 (D.C.Cir. 1984). The court itself must determine whether the circumstances are appropriate for allowing the claim; such a judicial enterprise requires delicacy, so as not to "forc[e] a disclosure of the very thing the privilege is designed to protect." [*United States v.*] *Reynolds*, 345 U.S. at 8, 73 S.Ct. at 532 (footnote omitted). **Yet a court must not merely unthinkingly ratify the executive's assertion of absolute privilege**, lest it inappropriately abandon its important judicial role. "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *Id.* at 9-10, 73 S.Ct. at 532-33. *In re U.S.* 872 F.2d at 475 [Bestor emphasis].

More remote, it is even 'possible' the defendants seek to extend an executive privilege in *ex parte* communication [again not mentioned in their filings]. From *Judicial Watch, Inc. v. Dept. of Justice*, 365 F.3d 1108 (D.C. Cir. 2004) at 1113. Materials that are "predecisional" and "deliberative" are protected, while those that "simply state or explain a decision the government has already made or protect material that is purely factual" are

not. *In re Sealed Case*, 121 F.3d at 737. The deliberative process privilege, however, is qualified and can be overcome by a sufficient showing of need. *See id.*

Continued at 1113 and 1114: Unlike the deliberative process privilege, which is a general privilege that applies to all executive branch officials, the presidential communications privilege is specific to the President and "applies to documents in their entirety, and covers final and post-decisional materials as well as pre-deliberative ones." *Id* at 745. The presidential communications privilege thus is a broader privilege that provides greater protection against disclosure, although it too can be overcome by a sufficient showing of need. *See id.* at 746.

Bestor should have gotten documentation from the FBI; now this Court should get a *Vaughn* index.

Bestor would have the court note that in their Memorandum of Points and Authorities supporting their motion, the defendants ask the case be dismissed "with prejudice" [page 1] and Bestor claims that is wholly unwarranted in a FOIA case. They cite to an 8th Circuit case called *Miller v. United States Department of State* 779 F.2d 1378 (1985) which well illustrates the necessity of continually pressing government to release documentation they routinely try to hide. "It is significant Mr. Miller ultimately received over double the number of documents that Mr. Ennes did [an earlier plaintiff], even though the Eennes request was perceived by the State Department as broader than Miller's. We note that Ennes also filed a lawsuit over his FOIA claim, but that he pressed his suit *pro se*." *Miller* at 1388. Bestor hopes that in denying the defendant's motion to

dismiss his complaint, this court will note that as documented in *Miller*, *pro se* litigants face additional hurdles before the federal bureaucracy and bench.

Bestor would also have this Court note he has filed suit under the Freedom of Information Act 5 U.S.C. 552 "and all related entitlements" [Complaint page 1], which – acting against the government security agencies – he claims includes 50 USC 432b(f) judicial review, and (g) Decennial review, which effectively equates to preservation of data beyond 5 USC 552. Defendant again cites from outside this Circuit in their Memorandum of Points and Authorities at page 3, saying "Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it," *Maynard v. CIA*, 982 F.2d 546, 564 (1st Cir. 1993). Bestor should be furnished a significant amount of documentation, and this Court should order the FBI to produce a *Vaughn* index immediately. Beyond that, Bestor is hopeful this Court will make the FBI preserve all the documents and data they have on him indefinitely.

**CONCLUSION**

Given previous opinions in the District of Columbia Circuit [and as well as the one the defendant cited in the 8th Circuit],

the need for a finding on segregability in the climate of diverse documentation and data fields which this particular FOIA suit presents,

the probability the plaintiff [Bestor] can overcome at least some privileges or restrictions based on need,

10

the likelihood Bestor is indexed in the FBI's Central Records System detailed on pages 4

thru 6 of defendant's Statement of Material Facts, perhaps as **62C-HQ-1077229** [bottom

of letter from Arthur Radford Baker attached to his Complaint as "Evidence 3"],

and Bestor's previous offer to come to the FBI's reading room to review documents

[which Bestor is now leery of to the extent he doesn't trust them anymore],

Bestor is hopeful this Court will deny the defendant's motion to dismiss his complaint.

Again, '[t]o ensure that all reasonably segregable information has been disclosed to the

requester, the district court is required to enter a finding on segregability.' *TransPacific

Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C.Cir.

1999).

                Respectfully submitted,

                Andrew Bestor, 144th St SE, Washington D.C. 20003

                ~~(202) 320-3638~~ [new phone pending]

*[signature: Andrew D. Bestor]*
144 11th St SE,
Washington D.C. 20003

United States District Court
District of Columbia

Andrew Bestor, *pro se*
    Plaintiff
v.                                                No. 1:06-cv-1745 (RMU)

Federal Bureau of Investigation [FBI]
    Defendant

## PLAINTIFF'S AFFIDAVIT

I, Andrew S. Bestor, declares as follows:

1. One weekday in December 2000 I contacted the Seattle Field Office of the FBI by telephone, calling from my then-place of employment, Graham Steel in Kirkland Washington.

2. I believe I made the call either the week of Mon. Dec 11 to Dec 15 or the next week [Mon. Dec 18 to Dec 21].

3. I spoke with a female agent who I remember as identifying herself as the agent of the day.

4. She repeatedly asked me for my name or how to spell my name, putting down the phone or putting me on hold and returning. I believe I also gave her my Social Security number. There was secondary background conversation behind her – as if she was putting her hand over the phone and talking to someone else, leading me to believe she was having someone else somehow checking my name.

5. Ultimately she said she couldn't help me – something like "We don't do things like that here" – and she could not or would not refer me to anyone further.

I swear this is true under penalty of law, February 14, 2007.

                                                                Andrew S. Bestor
                                                                 144 11th St. SE
                                                                 Washington D.C. 20003

United States District Court
District of Columbia

Andrew Bestor, *pro se*
       Plaintiff
v.                                                                  No. 1:06-cv-1745 (RMU)

Federal Bureau of Investigation [FBI]
       Defendant

## PLAINTIFF'S AFFIDAVIT

I, Andrew S. Bestor, declares as follows:

1. In July/August 2001 I paid to have a series of articles which I wrote myself published in the *Seattle Stranger*, a free weekly newspaper available in Seattle similar to the *Washington City Paper* in Washington D.C. and *Chicago Reader* in Chicago.
In some respects these articles were critical of government security agencies.
2. I believe I paid $3000 dollars total, or $750 dollars apiece for four ¾ page spaces.
3. I dealt with Mr. Tim Keck, who introduced himself as the editor.
4. My writings were [to be] posted as "paid advertising" to distinguish them from editorials or letters [though I never received copies of them. I never saw them published].
5. I contacted the Seattle Field Office of the FBI, intending to reference them in the publication. I secured the name and telephone number of the Seattle FBI community liaison or contact. His first name was Ray. I no longer recall his last name.
6. At least one of the articles I submitted to *The Stranger* had Ray's name and telephone number, noting I submitted hard copy [paper] and disk to *The Stranger*.
7. Prior to doing submitting his name I left several messages on Ray's answering machine or voice mail – I believe the week of Mon. June 25 2001 to Fri June 29, but perhaps the week[s] before or after. I never spoke to him directly.
8. I then relocated to Washington D.C. from Seattle but repeatedly called Mr. Keck, trying to get at least one copy of what printed. I never got any copies of what printed and never heard back from Mr. Keck.

I swear this is true under penalty of law, February 14, 2007.      Andrew S. Bestor
                                                                                                               144 11th St. SE
                                                                                                               Washington D.C. 20003

1

United States District Court
District of Columbia

I HEREBY CERTIFY that service of the foregoing

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

has been made by delivering copies thereof to:

Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St., N.W.
Washington DC 20530
(202) 305-1334

U.S. Attorney General
D.O.J.
950 Pennsylvania Ave NW
Washington DC 20530

And mailing a copy to:

Office of the General Counsel
Federal Bureau of Investigation [FBI]
Washington D.C. 20530

on this 14$^h$ day of February 2006. Sworn under penalty of law.

Andrew Bestor
144 11th St. SE
Washington D.C. 20003
~~(202) 320-3638~~
[new phone pending]

United States District Court
District of Columbia

Andrew Bestor, *pro se*
    Plaintiff
v.                                                                                          No. 1:06-cv-1745 (RMU)

Federal Bureau of Investigation [FBI]
    Defendant

## ORDERED

This being an action brought under the Freedom Of Information Act (FOIA),

it is hereby ordered the defendant provide an index under *Vaughn v. Rosen*, 484 F.2d 820 (1973) to documents falling under plaintiff's properly litigated Freedom Of Information Act requests [No. 1029403-000 Appeal 06-0096 and No. 1021054 Appeal 05-2021]

no later than March 01 2006.

SO ORDERED.

_____
Hon. Richardo M. Urbina
United States District Court for the District of Columbia