IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANDREW SCOTT BESTOR, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1745 (RMU) |
| | : | | |
| v. | : | Document No: | 8 |
| | : | | |
| FEDERAL BUREAU OF | : | | |
| INVESTIGATION, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

G‍RANTING THE D‍EFENDANT'S M‍OTION TO D‍ISMISS[1] THE P‍LAINTIFF'S W‍ASHINGTON F‍IELD
O‍FFICE FOIA R‍EQUEST AND G‍RANTING THE D‍EFENDANT'S M‍OTION
FOR S‍UMMARY J‍UDGMENT AS TO THE P‍LAINTIFF'S FBI H‍EADQUARTERS
AND S‍EATTLE F‍IELD O‍FFICE FOIA R‍EQUESTS

I.  INTRODUCTION

The *pro se* plaintiff, Andrew Bestor, submitted three separate requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Federal Bureau of Investigations ("FBI"): one to FBI Headquarters ("FBIHQ"), one to the Washington Field Office ("WFO") and one to the Seattle Field Office ("SEFO"). Dissatisfied with the FBI's responses to his requests and alleging that the FBI has unlawfully refused to disclose all documents relating to him, the plaintiff brings suit against the defendant[2] pursuant to FOIA. The defendant moves for summary

---

[1] Although the defendant styles its motion as one for summary judgment, it argues that the plaintiff failed to exhaust his administrative remedies with respect to his Washington Field Office Freedom of Information Act, 5 U.S.C. § 552, request. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 5. Therefore, the court construes the defendant's challenge as to this claim as a motion to dismiss for failure to state a claim for which relief can be granted. *Hidalgo v. F.B.I.*, 344 F.2d 1256, 1260 (D.C. Cir. 2003).

[2] The defendant asserts that the United States Department of Justice ("DOJ") should be substituted for the FBI as a proper party. Def.'s Mot. at 1 n.1. Because resolution of this matter does not affect the court's analysis herein, it does not rule on whether the DOJ should be substituted as a proper party.

judgment, contending that the DOJ conducted a reasonable search for records responsive to the plaintiff's requests and that the plaintiff failed to exhaust his administrative remedies. Because the plaintiff did not exhaust his administrative remedies for his request filed with the WFO, the court grants the defendant's motion to dismiss that claim. Because the defendant conducted an adequate search as to the plaintiff's other two requests, the court grants the defendant's motion for summary judgment as to those claims.

## II. BACKGROUND

### A. Factual History

#### 1. The FBI Headquarters Request

On May 17, 2005, the plaintiff submitted a FOIA request to FBIHQ seeking "copies of all documents and files the FBI has on [the plaintiff]." Def.'s Mot. for Summ. J. ("Def.'s Mot.") Ex. A; Compl. ¶ 2.[3] The FBI assigned the request number 1021054 (the "FBIHQ request"), and on May 23, 2005, it advised the plaintiff that a document search at FBIHQ located no records pertinent to the request. Def.'s Mot. Ex. B. On June 7, 2005, the plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP"). Def.'s Mot. at 4. After discussions with OIP personnel, the FBI conducted an additional search. *Id.* On September 6, 2005, the FBI

---

[3] Because the plaintiff does not contest the defendant's factual assertions as to the chronology of the plaintiff's FOIA submissions to the FBI, the court relies on the facts as provided by the defendant's motion for summary judgment. *See Raulerson v. Ashcroft*, 2003 WL 102950, at *1 n.1. (D.D.C. Jan. 7, 2003) (deriving the background information from the defendant's motion for summary judgment because the plaintiff did not contest the facts as provided by the defendant).

produced one page of responsive information and advised the plaintiff to submit a "new request to the Washington Field Office directly."  Compl. Ex. 1; Def.'s Mot. at 4.

### 2.     The Washington Field Office Request

On October 1, 2005, the plaintiff submitted a FOIA request directly to the WFO, which the defendant designated as number 1031496 (the "WFO request").  Def.'s Mot. at 4.  On October 25, 2005, the defendant informed the plaintiff that it did not locate any records responsive to his request and advised him of his right to appeal the determination.  *Id*. Ex. G.  The defendant contends that the plaintiff filed no administrative appeal with the OIP regarding this determination.  Def.'s Mot. at 5, Decl. of David M. Hardy ("Hardy Decl.") ¶ 13.

### 3.     The Seattle Field Office Request

On June 7, 2005, the plaintiff submitted a FOIA request to the Seattle Field Office for all "files, data, notes, electronic files, or other types of records and systems of files the FBI – and the Seattle Field Office of the FBI – may have concerning [the plaintiff]."  Def.'s Mot. ¶ 9.  On September 23, 2005, the FBI advised the plaintiff that his request had been assigned number 1029403 (the "SEFO request") and that it located no responsive records.  *Id*. ¶ 10.  The plaintiff appealed the SEFO determination on September 27, 2005.  *Id*. ¶ 11.

The defendant states that after receiving the plaintiff's complaint initiating the instant suit, the FBI conducted a second search of the FBIHQ, WFO and SEFO, and on January 29, 2007, FBIHQ provided the plaintiff with two unredacted pages.  *Id*. Ex. H.  On September 5, 2006, the OIP affirmed the SEFO's initial determination.  Compl. Ex. 1-2.

### B.   Procedural History

On October 12, 2006, the plaintiff filed suit alleging that the FBI unlawfully withheld information he requested in each of his FOIA requests submitted to the FBIHQ, the WFO, and the SEFO.  Compl. ¶ 1.  On February 6, 2007, the defendant filed a motion for summary judgment asserting that there are no genuine issues of material fact, that the plaintiff has not exhausted his administrative remedies, and that it conducted adequate searches for each request. Def.'s Mot. at 2-8.  In response, the plaintiff filed an opposition contending that the defendant has documents about him that it has not released.  Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 1.  The court now addresses the defendant's motion.

### III.   ANALYSIS

### A.   Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  To determine which facts are "material," a court must look to the substantive law on which each

claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure.  5 U.S.C. § 552; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973).  FOIA confers jurisdiction on the federal district courts to order the release of improperly withheld or redacted information.  5 U.S.C. § 552(a)(4)(B).  In a judicial review of an agency's response to a FOIA request, the defendant agency has the burden of justifying nondisclosure, and the court must ascertain whether the agency has sustained its burden of demonstrating that the documents requested are exempt from disclosure under FOIA.  5 U.S.C. § 552(a)(4)(B); *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001); *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998).  An agency may meet this burden by providing the requester with a *Vaughn* index, adequately describing each withheld document and explaining the exemption's relevance.  *Summers*, 140 F.3d at 1080; *Vaughn*, 484 F.2d 820 (fashioning what is now commonly referred to as a "*Vaughn* index").

The court may grant summary judgment to an agency on the basis of its affidavits if they:

> [(a)] describe the documents and the justifications for nondisclosure with reasonably specific detail, [(b)] demonstrate that the information withheld logically falls within the claimed exemption, and [(c)] are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  While an agency's affidavits are presumed to be in good faith, a plaintiff can rebut this presumption with evidence of bad faith.

*SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). But such evidence cannot be comprised of "purely speculative claims about the existence and discoverability of other documents." *Id*.

### B. The Court Grants the Defendant's Motion to Dismiss the Plaintiff's Claim Relating to the WFO Request

#### 1. Legal Standard for FOIA Exhaustion of Remedies

"Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). In the FOIA context, the exhaustion requirement is a prudential consideration, not a jurisdictional prerequisite, and therefore a plaintiff's failure to exhaust does not deprive the court of subject-matter jurisdiction. *Id.* But as a prudential consideration, the exhaustion requirement may still bar judicial review if both (1) the administrative scheme at issue and (2) the purposes of exhaustion support such a bar. *Id.* (citing *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)). With regard to the first factor, the D.C. Circuit has

concluded that FOIA's administrative scheme supports barring judicial review.[4] *Id.* (citing *Hidalgo*, 344 F.3d at 1259). As for the second factor, courts look to see whether barring judicial review would "prevent[] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *see also Hidalgo*, 344 F.3d at 1259 (applying the *Weinberger* description of the purpose of exhaustion in the FOIA context).

If the agency fails to answer the request within 20 days, FOIA deems the requester to have constructively exhausted administrative remedies and permits immediate judicial review. 5 U.S.C. § 552(a)(6)©); *Judicial Watch, Inc. v. Rossetti* ("*Judicial Watch I*"), 326 F.3d 1309, 1310 (D.C. Cir. 2003) (citing *Oglesby*, 920 F.2d at 64-65). That said, "[i]f the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the

---

[4] Specifically, the court has stated that

> [t]he FOIA expressly requires that an agency receiving a request for information (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal . . . If the denial of the request is upheld on appeal, the agency must notify the person making such request of the provisions for judicial review of that determination . . . As we have previously concluded, this statutory scheme requires each requestor to exhaust administrative remedies.

*Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (internal quotations and citations omitted).

administrative exhaustion requirement still applies." *Judicial Watch I*, 326 F.3d at 1310. Moreover, courts have held that only a valid FOIA request can trigger an agency's FOIA obligations, and that "failure to file a perfected request therefore constitutes failure to exhaust administrative remedies." *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) (citing 5 U.S.C. § 552(a)(3) and 26 C.F.R. § 601.702(c)(5)); *see also Judicial Watch I*, 326 F.3d at 1311-12 (basing its analysis on the defendant's argument that the plaintiff had not constructively exhausted because the non-conforming FOIA request could not be considered "received" and thus could not trigger the 20-day limit); *accord Church of Scientology v. Internal Revenue Serv.*, 792 F.2d 146, 150 (D.C. Cir. 1986) (noting that FOIA requires "requests [to] be made in accordance with published rules").

### 2. The Plaintiff Failed to Exhaust Administrative Remedies for the WFO Request

The defendant argues that the plaintiff failed to file an appeal to its adverse determination on his WFO request. Def.'s Mot. at 8. Although the plaintiff generally alleges that "he has 'exhausted' his administrative appeals," Compl. ¶ 2, he does not allege that he filed an appeal specifically for his WFO request.

It is well established that a plaintiff "may have exhausted administrative remedies with respect to one aspect of a FOIA request . . . and yet not have exhausted [his] remedies with respect to another aspect of a FOIA request." *Dettmann v. Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). Such is the case here. The record demonstrates that the defendant filed appeals as to his FBIHQ and SEFO requests. Def.'s Mot. Exs. C-E, K-L. But, the plaintiff failed to allege that he filed an administrative appeal specifically as to his WFO request. Moreover, because the

8

defendant responded to the plaintiff's initial WFO request within the allotted 20 days, Def.'s Mot. Exs. F-G, the plaintiff is not automatically excused from the administrative exhaustion requirement, *Judicial Watch I*, 326 F.3d at 1310.

Although the failure to exhaust administrative remedies under FOIA is not a jurisdictional bar, the court may nevertheless dismiss a claim that has not been pursued through all administrative channels. *Wilbur*, 355 F.3d at 677. As stated, *supra*, the court may dismiss a claim if the administrative scheme at issue and the purposes of exhaustion support such a bar. *Id.* "The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes [and] a failure to exhaust precludes [judicial review] if the agency had no opportunity to consider the very issues that [the plaintiff] has raised in court." *Wiggins v. Nat'l Credit Union Admin.*, 2007 WL 259941, at *5 (D.D.C. Jan. 30, 2007) (internal citations omitted). The plaintiff challenges the defendant's response to the WFO request as inadequate, and this is the precise issue the defendant would have addressed had the plaintiff appealed the initial response. Therefore, the court concludes that a review of the plaintiff's claim relating to the WFO request would interfere with the administrative process, and the plaintiff's failure to exhaust bars this claim. *Clemmons v. U.S. Dep't of Justice*, 2007 WL 1020796, at *5 (D.D.C. Mar. 30, 2007) (stating that exhaustion was required after a plaintiff was made aware of his right to appeal in letters from the defendant and dismissing the complaint for failure to exhaust) (citing *Hidalgo*, 344 F.3d at 1259). The court, therefore, grants the defendant's motion to dismiss the plaintiff's claim as to the plaintiff's WFO request.

### C.   The Court Grants the Defendant's Motion for Summary Judgment as to the Plaintiff's Claims Relating to his FBIHQ and SEFO Requests

#### 1.   Legal Standard for FOIA Adequacy of Agency Search

"A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  To prevail on summary judgment, "the agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotations and citations omitted).  An agency must search for documents in good faith, using methods that are reasonably expected to produce the requested information.  *Valencia-Lucena*, 180 F.3d at 326 (citing *Oglesby*, 920 F.2d at 68).  The principal issue is not whether the agency's search uncovered responsive documents, but whether the search was reasonable.  *Oglesby*, 920 F.2d at 67 n.13 (citing *Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986));  *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996).  The agency need not search every record in the system or conduct a perfect search.  *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1201 (D.C. Cir. 1991);  *Meeropol*, 790 F.2d at 952, 956.  Nor need the agency produce a document where "the agency is no longer in possession of the document[] for a reason that is not itself suspect."  *SafeCard Servs.*, 926 F.2d at 1201.

Instead, to demonstrate reasonableness, the agency must set forth sufficient information in affidavits for the court to determine, based on the facts of the case, that the search was reasonable.  *Nation Magazine*, 71 F.3d at 890 (citing *Oglesby*, 920 F.2d at 68).  While an agency's affidavits

are presumed to be in good faith, a plaintiff can rebut this presumption with evidence of bad faith. *SafeCard Servs.*, 926 F.2d at 1200. But such evidence cannot be comprised of "purely speculative claims about the existence and discoverability of other documents." *Id.* If the record raises substantial doubts regarding the agency's efforts, "particularly in view of well defined requests and positive indications of overlooked materials," summary judgment is not appropriate. *Valencia-Lucena*, 180 F.3d at 326 (internal quotations and citations omitted).

### 2. The Defendant Conducted an Adequate Search with Respect to the Plaintiff's FBIHQ and SEFO Requests

#### a. The FBI's Search was Reasonable

The defendant asserts that it conducted an adequate search and that it provided the plaintiff with all responsive records pursuant to his requests. Def.'s Mot. at 15. The plaintiff argues that the defendant has not provided him with all relevant documents and that the court should determine whether the documents the defendant has allegedly withheld are exempt. Pl.'s Opp'n at 11.

When a FOIA request "does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return." *Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 28 (D.C. Cir. 1998) (citation omitted), s*ee also Raulerson v. Ashcroft*, 271 F. Supp. 2d 17, 22 (D.D.C. 2002) (noting that if the "FBI believes that a search of its [central records system] is sufficient, it need not go further"). To meet the standard for reasonableness, the FBI search need only be adequate. *Rothschild v. Dep't of Energy*, 6 F. Supp. 2d 38, 40 (D.D.C. 1998).

The defendant sets forth a detailed account of how it conducted its search in response to the plaintiff's requests. Hardy Decl. ¶¶ 19-25. In response to the plaintiff's FBIHQ and SEFO requests, the FBI conducted a search of the central records system ("CRS"), which contains administrative, applicant, criminal, personnel, and other files compiled to fulfill the FBI's mandated law enforcement responsibilities. *Id*. The FBI initially ran a "main search" using a search tool that seeks out entries in the CRS where "Andrew Scott Bestor" was the primary subject matter of the electronic entry. *Id*. ¶ 25. The FBI also ran a "reference search" seeking entries where the CRS system cross-referenced "Andrew Scott Bestor" under the "main" entry for another individual, organization or subject matter. *Id.* Based on the foregoing, the courts concludes that the FBI's efforts were adequate and that they were reasonably calculated to uncover all relevant documents. *Stolt-Nielsen Transp. Ground Ltd. v. United States*, ___ F. Supp. 2d ___, 2007 WL 942073, at *3 (D.D.C. Mar. 28, 2007) (stating that an agency search of the records systems in which it is likely to find responsive records satisfies the reasonable search requirement, and the

court "must accord 'substantial weight' to agency affidavits" detailing the agency's search) (citing *Goland v. C.I.A.*, 607 F.2d 339, 352 (D.C. Cir. 1978)).[5]

### b. The Plaintiff has Not Established that the FBI Failed to Act in Good Faith

The plaintiff alleges that the FBI has failed to act in good faith by intentionally withholding records of advertisements he ran that discussed the FBI, a media release he mailed to the FBI, and telephone conversations he had with FBI agents in the 1990s. Compl. ¶ 2; Pl.'s Opp'n at 3. Although the defendant does not explicitly address this allegation, it characterizes its search procedures as reasonable and argues that it did not recover any responsive documents relating to the plaintiff. Def.'s Mot. at 2, 9. Because an agency search need not be perfect, *Rothschild*, 6 F. Supp. 2d at 40, the issue is not whether the records exist in the FBI database, but whether the FBI acted in good faith to conduct a search that was reasonably calculated to find responsive documents, *Nation Magazine*, 71 F.3d at 890. To succeed on his claims, the plaintiff must produce more than "purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs.*, 926 F.2d at 1200. Absent evidence to the contrary, the court accords the FBI's

---

[5]  The plaintiff cites case law relating to the requirement that all reasonably segregable information be released pursuant to a FOIA request. Pl.'s Opp'n at 2. The court notes that, indeed, "[i]f a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions." *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (quoting 5 U.S.C. 552). This requirement, however, is not applicable in the instant circumstances. The defendant asserts, and the plaintiff does not dispute, that it released three unredacted documents to the plaintiff. Def.'s Mot. at 7-8. In addition, the defendant argues that it has withheld no exempt information. *Id*. at 9. Because the plaintiff received these documents in full, and because the defendant asserts that these are the only documents responsive to the plaintiff's FOIA requests, the plaintiff has provided nothing to demonstrate that the defendant has failed to reveal reasonably segregable information. *See Kidder v. F.B.I.*, 2007 WL 1020784, at *12 (D.D.C. Mar. 29, 2007) (stating that "[i]f a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions . . .").

affidavit concerning the reasonableness of its search a presumption of good faith. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991) (noting that if there is not a scintilla of evidence that tends to impugn the integrity of a governmental report, the court will generally accord government records and official conduct a presumption of legitimacy).

The plaintiff proffers one piece of evidence that he argues demonstrates a lack of good faith on the part of the defendant. In the plaintiff's administrative appeal to his FBIHQ request, he noted that he previously filed FOIA requests in 1999 and 2001. Def.'s Mot. Ex. C. In response to the 2001 request, the plaintiff indicates that the FBI produced a letter by Arthur Radford Baker of the FBI's Office of Public and Congressional Affairs sent to Senator George Allen. Compl. Ex. 3. The postscript to the letter read "based on available information, the only reference in ACS records possibly identifiable with Andrew S. Bestor is an FOIPA request." *Id.* The plaintiff argues that this document "suggests [that the plaintiff] is indexed," Pl.'s Opp'n at 3, and that because the FBI has not released documents concerning this reference, it shows that the FBI "lied to him on previous occasions" and demonstrates a lack of good faith, Compl. ¶ 3. But, the postscript only contains a solitary reference relating to a FOIA request by the plaintiff. The text does not refer to entries in ACS records of the documents the plaintiff alleges the defendant is withholding, namely, telephone calls with FBI agents, advertisements, or media releases relating to the plaintiff. While it may be possible to infer that there are documents not in the ACS records system identifiable with the plaintiff, these speculative claims about the existence of other documents do not rebut the presumption of good faith. *Safecard Servs.*, 926 F.2d at 1200. Moreover, the FBI's subsequent efforts to conduct a more extensive search that did produce additional documents undercuts the plaintiff's contention that the FBI lacked good faith. *See Ground Saucer Watch, Inc. v. C.I.A.*, 692

F.2d 770, 772 (D.C. Cir. 1981) (stating that a *de novo* search by an agency significantly undercuts the argument that an earlier non-cooperation was done in bad faith).  Because the court concludes that the FBI's searches with respect to the plaintiff's FBIHQ and SEFO requests were reasonably calculated to uncover responsive documents and were done in good faith, the court grants the defendant's motion for summary judgment as to these requests.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss the plaintiff's claim relating to his WFO request and grants the defendant's motion for summary judgment as to the plaintiff's remaining claims.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of August, 2007.

                                              RICARDO M. URBINA
                                              United States District Judge