IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

Andrew Scott Bestor,
    Plaintiff,

v.   Civil Action No.:   06-1745 (RMU)

Federal Bureau of Investigation,
    Defendant.

**Plaintiff's Motion for Relief Under Rule 60 with Proposed Order**

May it please the Court,

Plaintiff Bestor motions for relief under Rule 60, and files his motion within 10 days of the 6 Aug. 2007 Opinion being issued.

**1.0.** Bestor's single page Complaint says nothing about the Washington Field Office [WFO] of the FBI.

Bestor DID NOT claim he had exhausted all his administrative appeals to every FBI field office [Honolulu, Los Angeles, Albuquerque, Chicago, Washington], and the Washington Field Office of the FBI seemingly only comes into play after July 2001 – but the WFO is nonetheless featured, referenced, and discussed on pages 1, 2, 3, 4, 6, 8, and 9 of this Court's Opinion - in error. On page 4 the Court directly says Bestor is suing over the FOIA request he sent to the WFO which is not true ["On October 12, 2006, the plaintiff filed suit alleging that the FBI unlawfully withheld information he requested in each of his FOIA requests submitted to the FBIHQ, the WFO, and the SEFO"].

1

IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

At page 9: "The plaintiff challenges the defendant's response to the WFO request as inadequate." No. Not true. The WFO issue comes after 2001 which is in the Complaint. Note 1 page 1 accepts that Bestor is wrong first thing and it should not have, at least without hearing him on the matter. Bestor even attached letters from the FBI to his Complaint showing what they agreed he could and could not sue for.

**2.0.** The Opinion also mentions the letter about Bestor sent by Arthur Radford Baker of the FBI to Senator George Allen that Bestor attached to his Complaint as evidence. That letter provides a file number [62C-**HQ**-1077229] significantly validated by the defendant's 'Hardy Declaration' attached to their Motion for Summary Judgment. It does appear to be a genuine FBI file number opened by FBI **H**ead**q**uarters, and suggests that at the time the letter was sent [Oct 26, 2001] there were 13190 [thirteen thousand one hundred and ninety] documents in the file [Evidence 3, and Plaintiff's Opp. to Def. Motion for Sum Judgmnt 14 Feb 2007 para 3. page 2].

Concerning EXACTLY that part of the Radford Baker letter, the Opinion at 14 says "the postscript only contains a solitary reference relating to a FOIA request by the plaintiff" and that is not true – the letter Bestor submitted as evidence shows the reference to 62C-HQ-1077229. Bestor claims this to be an error which should be reversed under Rule 60.

*Robinson v. Detroit News, Inc.* 211 F.Supp.2d 106 (D.D.C. 2002) references *Anderson*, 477 U.S. at 248 and *Celotex*, 477 U.S. 322 which the Opinion also cites at page 5:
In ruling on a motion for summary judgment, the court must draw all justifiable inferences in [Bestor's] favor and accept [Bestor's] evidence as true. *Anderson*, 477 U.S.

2

at 255, 106 S.Ct. 2505. [Bestor], however, must establish more than "the mere existence of a scintilla of evidence" in support of [his] position. *Id.* at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, [the government] must show that [Bestor] "fail[ed] to make a showing sufficient to establish the existence of an element essential to [Bestor's] case, and on which [Bestor] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence tendered by [Bestor], [the government] may succeed on summary judgment. *Id.*

Bestor, *pro se*, is somewhat vulnerable to public impression – this Court could just write "Don't believe all the **** you hear about the Freedom Of Information Act [5 USC 552] – it simply isn't true." On the other hand, a letter sent Oct 26, 2001 references FBI file 62C-HQ-1077229 apparently with 13190 documents in it, and if that's not overwhelming proof it is hugely more than "the mere existence of a scintilla of evidence."

The Opinion *is* hugely disingenuous to the point of being misleading at 14 in saying "the postscript only contains a solitary reference relating to a FOIA request by the plaintiff."

**3.0.** The suit did have the effect of scaring more information out of the FBI – copies of the fronts of two envelopes Bestor previously mailed to the Russian Embassy. The copies were numbered, apparently by the FBI. One is number "16" and the other is numbered "22." On page 14 the Opinion says "the FBI's subsequent efforts to conduct a more extensive search that did produce additional documents undercuts the plaintiff's contention that the FBI lacked good faith." What about the missing documents 17 thru 21

IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

and 1 thru 15? The Opinion cites *Ground Saucer Watch v. CIA*, 692 F.2d 770, 772 (D.C. Cir. 1981)(stating that a de novo search by an agency significantly undercuts the argument that an earlier non-cooperation was done in bad faith), but how can that be when there are blatantly gaps in the sequence?

**3.1.** That is not the only reference to the point in the Opinion. Note 5 at page 13 says "The defendant asserts, and the plaintiff does not dispute, that it released three unredacted documents to the plaintiff. Def.'s Mot. At 7-8. In addition, the defendant argues that it has withheld no exempt information. Id. at 9. Because the plaintiff received these documents in full, and because the defendant asserts that these are the only documents responsive to the plaintiff's FOIA requests, the plaintiff has provided nothing to demonstrate that the defendant has failed to reveal reasonably segregable information."

"....the defendant argues that it has withheld no exempt information"; the FBI does not claim to properly shield information but rather that there is no information to be had. Apparently that those documents were not filed or indexed in any way. The documents do not have to have been – somebody may have arbitrarily written numbers on the bottoms of them ['16', '22' – jersey numbers for a softball team] and left them gathering dust on a corner of an agent's desk 2003 to 2007 at which point the agent remembered seeing Bestor's name and they were furnished to Bestor - but it *sounds* suspicious.

**3.2.** Peter Bourne was[is] a CIA executive who traveled with current presidential candidate and possible CIA executive Bill Richardson across the mid1990s [they arranged the deaths of two Cuban American pilots engaged in propaganda flights

4

IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

orchestrated by the CIA], and Bestor sent envelopes – and emails – to many embassies and organizations. There is a great deal of difference between those documents being the 16th and 22nd documents in a file which opened in maybe 2001 [potentially 62C-HQ-1077229 which the Hardy Declaration suggests FBI Headquarters and not one of the field offices opened], and those documents being '16' and '22' in a file which opened in 1994. It is possible or even likely the '16' and '22' refer to a sub file in 62C-HQ-1077229.

At page 5 the Opinion states "FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure. 5 U.S.C. 552; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973)", and Bestor has tried to instigate larger reform with his litigation [opposing CIA orchestration in capital punishment in *Bestor v. CIA* 1:04-cv-02049 RWR, appealed as 04-5438, 05-5006, 05-5056, opposing National Security Agency torture as a friend for Hicks on appeal 04-5362 up from *Hicks v. National Security Agency* 04-1586, and opposing CIA manipulation of a grand jury in *Member of the Grand Jury vs. US Attorney*, Misc. 06-383 under seal].

**4.0.** The Freedom Of Information Act [5 USC 552] is suppose to be overwhelmingly for Bestor – he should not have to cite to every instance of government stonewalling in providing him data; perhaps the examples he chooses aren't the best ones but he is not a lawyer. He provided this Court with a FBI file number [62C-HQ-1077229] which the FBI provided Senator Allen, and he is astonished to find that alone is not sufficient to prompt inquiry. Do *pro se* litigants typically do *better* than providing the file number? Perhaps this court sets too high a standard, which surely is reversible under Rule 60.

And given the sequence - "16" and "22" - the Opinion clearly errs in dismissing Bestor's claim the FBI has acted in 'bad faith' [Complaint at para.3], but without arguing about that, Rule 60 is generous in allowing for both error and 'newly discovered evidence' the FBI only produced after Bestor filed suit.

The larger problem is that these points combine to make Bestor's appeal very difficult, and he claims *pro se* litigants face a huge bias in the courts to begin with. He has heard that he can modify his Complaint even on Appeal – need he modify it to ask about the difference between '16' and '22' and explicitly about 62C-HQ-1077229 [in which case they would do what? Under the Freedom Of Information Act he can resubmit requests and reenter the courts – either remand this case to this Court or make him file again?].

**5.0** In 'dancing with' the Washington Field Office of the FBI the Opinion clearly errs. The argument FOR or in favor of 'dancing with' the Washington Field Office of the FBI or including them in the suit is that the Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, Scope and Purpose of the Rules, *Federal Rules of Civil Procedure*.
That is making *somebody* – we don't care which office - explain difference between '16' and '22' and segregate documentation in file 62C-HQ-1077229. Bestor was querying before 9/11 though Arthur Radford Baker did not write the letter until after 9/11; anyhow, nearly six years after 9/11 the FBI still doesn't know who is in its own file system, even when the person suing them provides the file number?

Why didn't Bestor go after the WFO in the first place? Why didn't he attack them in this action? Because the courts let the National Security Agency torture a woman named Gloria Hicks in Glenarden Maryland [now in Capital Heights, Maryland], and after that a pro se litigant wouldn't put all their eggs in one basket. Failing here, going after the Washington Field Office of the FBI will be his next action, but this Court could brush aside the legal strategies of a pro se litigant and just go for the truth – is he or is he not in the FBI file system? FBI does not argue they are entitled to withhold documentation from him but that they haven't got any which isn't true. In *Member of the Grand Jury vs. US Attorney*, Misc. 06-383 under seal, the U.S. Attorneys refused to contact the CIA over racketeering in the courts and justice system but threw Bestor off the grand jury.

Here it could be different, and as written the Opinion is significantly in err and wants revision.

Respectfully submitted,

Andrew Bestor
144 11th St SE
Washington D.C. 20003
202 904-4763

7

IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

I HEREBY CERTIFY that service of the foregoing

Plaintiff's Motion for Relief under Rule 60 with Proposed Order

has been made by delivering copies thereof to:

Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St., N.W.
Washington DC 20530
(202) 305-1334

U.S. Attorney General
D.O.J.
950 Pennsylvania Ave NW
Washington DC 20530

And mailing a copy to:

Office of the General Counsel
Federal Bureau of Investigation [FBI]
Washington D.C. 20530

on this 13th day of August 2007. Sworn under penalty of law.

                                                   Andrew Bestor
                                                   144 11th St. SE
                                                   Washington D.C. 20003
                                                   202 904-4763