UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANDREW SCOTT BESTOR, | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1745 (RMU) |
| v. | : | Document No: | 14 |
| FEDERAL BUREAU OF INVESTIGATION, | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S
REQUEST FOR RELIEF FROM JUDGMENT

I.   INTRODUCTION

The *pro se* plaintiff, Andrew Scott Bestor, sued the Federal Bureau of Investigation ("FBI") for its alleged failure on three separate occasions to disclose all documents relating to him in its possession pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The defendant moved to dismiss arguing that the plaintiff failed to exhaust his administrative remedies on a FOIA request made to the Washington Field Office ("WFO"). The defendant also moved for summary judgment as to the plaintiff's requests to the FBI Headquarters ("FBIHQ") and Seattle Field Office ("SEFO") because the agency conducted a search that was reasonable and in good faith. The court granted both motions.

On August 13, 2007, the plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b) requesting that the court grant him relief from this judgment. Because no change in circuit law has occurred and because there is no newly discovered evidence since the time of judgment, the court denies the plaintiff's request for reconsideration.

The plaintiff brought his motion within 10 days of the court's order, and therefore, the court also considers his request as one for relief pursuant to Rule 59(e). As the court's judgment contained no substantive legal errors, the court denies the plaintiff the relief he seeks as to the FBIHQ and SEFO requests. Because the plaintiff has made clear that his complaint does not challenge the defendant's handling of his WFO request, the court grants in part the plaintiff's motion and vacates its previous ruling as it pertains to this request.

## II.  BACKGROUND[1]

On August 6, 2007, the court granted the defendant's motion to dismiss the plaintiff's WFO request, concluding that the plaintiff had failed to exhaust his administrative remedies. *See generally* Mem. Op. (Aug. 6, 2007). In that same ruling, the court granted the defendant's motion for summary judgment as to the plaintiff's FBIHQ and SEFO requests, concluding that the defendant had conducted an adequate, good faith search in satisfaction of its obligations under FOIA. *Id*. As evidence that the defendant acted in good faith, the court pointed to the fact that after its initial records search, the defendant voluntarily conducted a second more extensive search and provided the plaintiff with two additional unredacted pages from its files. *Id*. at 14.

On August 13, 2007, the plaintiff moved for reconsideration of the court's ruling pursuant to Federal Rule of Civil Procedure 60(b). The court now considers each of the plaintiff's arguments pursuant to Rule 60(b). And, because he brought his motion within the 10 days required by Rule 59(e), the court also analyzes his claims under the more liberal standard of that rule.

---

[1] For a full recitation of the factual history of the case, see the court's Memorandum Opinion dated August 6, 2007.

2

### III.  ANALYSIS

#### A.  The Court Denies the Plaintiff's Motion Because the Plaintiff is Not Entitled to Relief Pursuant to Rule 60(b)

The plaintiff's request for relief pursuant to Rule 60 does not present a meritorious claim. First, the plaintiff is not entitled to relief under this rule because there has been no change in Circuit law. Similarly, no new evidence has been discovered to allow this court to grant relief under Rule 60(b)(2). Accordingly, the court denies the plaintiff's motion for relief pursuant to Rule 60(b).

##### 1.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b).

3

A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### 2. The Court Denies the Plaintiff's Rule 60(b)(1) Motion Because There has been No Change in Circuit Law

First, the plaintiff argues that the court erred in considering his WFO FOIA request, which was not referenced in his complaint. Pl.'s Mot. at 1-2. To the plaintiff, the court's discussion of this request in its ruling constitutes a mistake or error within the meaning of Rule 60(b)(1). *Id*. at 2.

4

Rule 60(b)(1) typically encompasses "mistake, inadvertence, surprise, or excusable neglect" of the parties, but this circuit also allows the rule to reach the court's alleged legal errors in the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion. *Ctr. for Nuclear Responsibility, Inc., v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 939 (D.C. Cir. 1986). The plaintiff does not allege, nor could he, that an intervening change in law has occurred since the court issued its August 6, 2007 judgment. Accordingly, Rule 60(b)(1) is inapplicable, and the court denies the plaintiff's motion.

### 3. The Court Denies the Plaintiff's Rule 60(b)(2) Motion Because the Plaintiff has Presented No Newly Discovered Evidence

The plaintiff next alleges that the two documents the defendant provided in regard to the FBIHQ and SEFO FOIA requests are newly discovered evidence because the plaintiff received them after he filed suit. Pl.'s Mot. at 6. A court may indeed grant the plaintiff relief from a prior judgment when there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). But, evidence is not new for the purposes of Rule 60(b)(2) if a party takes possession of it after the lawsuit commences but prior to trial. *Duren v. First Gov't Mortgage & Investors Corp.*, 221 F.3d 195, 195 (D.C. Cir. 2000).

Here, the plaintiff again argues that the two documents sent to him by the defendant on January 29, 2007 are newly discovered evidence for purposes of Rule 60(b)(2). Pl.'s Mot. at 6. Although the plaintiff received these materials after the lawsuit was filed, the plaintiff was in possession of these documents prior to filing his Memorandum in Opposition to the Defendant's Motion for Summary Judgment. Further, the defendant claims that it provided this information

5

to the plaintiff in its motion for summary judgment, and the plaintiff acknowledges receiving the information. Def.'s Mot. at 7-8; Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n ") at 1. Far from being newly discovered evidence, the parties presented this evidence to the court, and the court weighed it in its consideration of both the defendant's motion to dismiss and motion for summary judgment. Mem. Op. (Aug. 6, 2007) at 14. Accordingly, the plaintiff's claim fails because he has not identified any newly discovered evidence which would permit this court to grant him relief from its prior judgment.

### B.   The Court Grant in Part the Plaintiff's Motion for Relief Pursuant to Rule 59(e)

Because the *pro se* plaintiff brought his motion within ten days of the court's entry of its August 6, 2007 order, the court will also consider the plaintiff's claims pursuant to the slightly more liberal standard of Federal Rule of Civil Procedure 59(e). *Dorocon, Inc. v. Burke*, 2005 WL 3454338, at *3 (D.D.C. Dec. 16, 2005). The plaintiff alleges that the court made a mistake of law by analyzing and dismissing his WFO request for failure to exhaust administrative remedies because he never addressed it as a claim in his complaint. Pl.'s Mot. at 2. The plaintiff also argues that the court erred in granting summary judgment on the FBIHQ and SEFO requests because he has provided sufficient examples of "government stonewalling in providing him data." Pl.'s Mot. at 5. As to the plaintiff's WFO request, the plaintiff makes clear that he never intended to submit that request or the defendant's response to the court for review. Therefore, the court vacates its opinion as it relates to that request. Because the court's grant of summary judgment as to the plaintiff's FBIHQ and SEFO requests contained no mistake of law entitling the plaintiff to relief pursuant to Rule 59(e), the court denies his motion as to those requests.

6

1.      **Legal Standard for Rule 59(e) Motion**

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

2.      **The Court Grants the Plaintiff's Motion and
        Vacates its Judgment as to the WFO Request**

As discussed above, the plaintiff alleges that his complaint does not mention his WFO FOIA request, and so the court's discussion of this request in its Memorandum Opinion constitutes a mistake or error entitling him to relief on reconsideration. Pl.'s Mot. at 1-2. It is

true that the complaint does not mention the WFO request. Indeed, the plaintiff's one-page complaint does not reference requests made to any FBI offices, although he does attach letters from FBIHQ and SEFO as exhibits. *See* Compl. The defendant first raised the plaintiff's WFO FOIA request in an effort to give a full history of the dealings between the parties and presumably to explore all the bases on which the plaintiff could allege that the FBI was in violation of FOIA. Def.'s Mot. at 8. In the plaintiff's opposition to the defendant's motion for summary judgment, he neither addressed the defendant's arguments that he failed to exhaust remedies for his WFO request, nor did he dispute that his WFO request was properly before the court. *See generally* Pl.'s Opp'n to Def.'s Mot.

    The court is permitted to liberally construe the pleadings of a *pro se* plaintiff and to consider supplemental materials filed by a *pro se* litigant to clarify the claims presented. *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007). Therefore, in evaluating the parties' arguments at the summary judgment stage, the court analyzed all potential claims alleged by the plaintiff. The court, accordingly, made no mistake of law by referencing the WFO request in its Memorandum Opinion. Mem. Op. (Aug. 6, 2007) at 6. Nevertheless, the court is mindful that in the face of a vague complaint, the prudent course is to require of the plaintiff a more definite statement of his claims. *See Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146 at 158-59 (D.D.C. 2007) (treating the defendant's motion to dismiss as a motion for a more definite statement and ordering the plaintiff to provide more specific factual allegations). As mentioned, the plaintiff's one-page complaint does not make clear which requests to the defendant he is challenging. *Supra* at 7. Interpreting his motion for reconsideration as a more definite statement of his claims, therefore, the court recognizes that the plaintiff did not intend to submit his WFO request to the court for consideration. Pl.'s Mot. at 1 (stating that "the Court directly says Bestor

is suing over the FOIA request he sent to the WFO which is not true"). Accordingly, the court grants in part the plaintiff's motion for reconsideration and vacates its ruling as it relates to the plaintiff's WFO request.

### 3. The Court Denies the Plaintiff's Motion as to the FBIHQ and SEFO Requests

The plaintiff also alleges that the court incorrectly granted summary judgment in favor of the defendant as to the plaintiff's FBIHQ and SEFO requests. Pl.'s Mot. at 2-5. The plaintiff believes that the defendant is still withholding information related to such requests and as a result has not conducted a reasonable and good faith search. *Id*. at 3-5. But, the court concluded previously that the defendant demonstrated compliance with necessary search requirements.

To prevail on summary judgment with respect to the plaintiff's FBIHQ and SEFO requests the defendant need demonstrate "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotations omitted). The agency must search for documents in good faith and use methods that are reasonably expected to produce the requested information. *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). The defendant thoroughly explained the manner in which it searched its central records system looking for information relating to the plaintiff. Mem. Op. (Aug. 6, 2007) at 12. In fact, the court's decision noted that the defendant had released two documents to the plaintiff after conducting yet another search after he filed this lawsuit. Def.'s Mot. at 7-8; Mem. Op. (Aug. 6, 2007) at 14 . Having determined such efforts to be reasonable, the court then considered whether the defendant acted in good faith and concluded that it had. Mem. Op. (Aug. 6, 2007) at 13-14.

The plaintiff's bald assertion that the defendant is withholding documents is not enough to demonstrate that the court clearly erred in determining that the defendant acted in good faith in conducting the search. *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Quite simply, no evidence suggests that the defendant was or is intentionally withholding documents related to the plaintiff, and the court concludes that it did not err in its initial decision. *Nation Magazine,* 71 F.3d at 890 (reasoning that the central question is whether the FBI acted in good faith and conducted a search that was reasonable). Therefore, the court declines to grant the plaintiff relief pursuant to Rule 59(e) as to the FBIHQ and SEFO requests.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's request for reconsideration pursuant to Rule 60(b)(1) & (2). The court grants in part the plaintiff's motion pursuant to Rule 59(e) and vacates its judgment as to the WFO request, but it denies the plaintiff's motion as to the rest of his claims. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 26th day of March, 2008.

RICARDO M. URBINA
United States District Judge